Raul RANGEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 46110.

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Robert N. Kennedy, San Antònio, for appellant.

Ted Butler, Dist. Atty., Gus E. Wilcox and Antonio G. Cantu, Asst. Dist. Atty., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. Trial was before the court on a plea of guilty, and punishment was assessed at five years.

The record shows that appellant was arraigned on November 19, 1971. At his arraignment he pled "not guilty" to the offense as charged in the indictment. On January 3, 1972, appellant's trial began. At this time he informed the court, through his court-appointed counsel, that he desired to change his plea to "guilty." After giving the required statutory admonishment, the court accepted appellant's guilty plea. The appellant then waived trial by jury and made motion to the court for adult probation.

Appellant first attacks the constitutionality of Article 42.12, Vernon's Ann.C. C.P., alleging that it denies him due proc-

ess of the law in that he was forced to choose between the possibility of probation and his right to a jury trial.

Nowhere in the record is it shown that appellant was forced to make a choice. The record does reflect that appellant made a knowing and intelligent waiver of his right to trial by jury. Further, it is clear that appellant was not able to bring himself within the provisions of Section 3a, Article 42.12, supra, since he had a previous felony conviction. Even though the jury would not have been able to recommend probation, appellant could have still been granted probation by the court. Article 42.12, Section 3c, V.A.C.C.P.; Kerry v. State, Tex.Cr.App., 452 S.W.2d 480. Article 42.12 only sets out when the jury may recommend probation. Appellant has not been denied due process of law. We overrule the contention that Article 42.12, supra, Adult Probation and Parole Law, is unconstitutional.

Next, appellant complains that he was denied equal protection because he had had a previous felony conviction and could not receive probation from the jury. He states that the provisions of Article 42.12, Section 3a, supra, caused him to be tried differently from others who have been tried for the same offense. His contention is without merit. Appellant was treated the same as all who are in like conditions and circumstances, that is to say, he is treated the same as all who have had previous felony convictions. Ratcliff v. State, 106 Tex.Cr.R. 37, 289 S.W. 1072.

In his third ground of error, appellant claims that the jury waiver was invalid because of the coercive effect of Article 42.-12, Section 3a, supra. The record fails to support his contention. No coercive effect is shown. Appellant's contention is overruled.

Finally, appellant alleges that the trial judge abused his discretion in not granting probation. The question of whether an accused is entitled to probation in a trial before the court is a matter solely for the trial court's discretion. McNeese v. State, Tex.Cr.App., 468 S.W.2d 801.

No error has been shown. The judgment is affirmed.