

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0552-08

### MARK WILLIAM IVEY, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

PRICE, J., delivered the opinion of the Court in which MEYERS, WOMACK, JOHNSON, KEASLER and HERVEY, JJ., joined. KELLER, P.J., filed a dissenting opinion in which HOLCOMB and COCHRAN. JJ., joined. HOLCOMB, J., filed a dissenting opinion in which COCHRAN, J., joined.

### O P I N I O N

We are called upon in this case to decide whether Article 42.12 of the Texas Code of Criminal Procedure confers upon a defendant a right to avoid being placed on community supervision.[1] We hold that a trial court may place an eligible defendant on community

---

[1] TEX. CODE CRIM. PROC. art. 42.12.

supervision even if the defendant has elected to have his punishment assessed by the jury and the jury does not recommend it. Accordingly, we will affirm the judgment of the court of appeals.

## FACTS AND PROCEDURAL POSTURE

The appellant was convicted by a jury of the misdemeanor offense of driving while intoxicated.[2] Having elected to go to the jury for punishment,[3] he deliberately forwent filing a sworn motion with the jury declaring that he had never before been convicted of a felony offense in this or any other state, thus rendering himself ineligible for a jury recommendation that he be placed on community supervision under Article 42.12, Section 4.[4] The jury assessed his punishment at thirty-five days' incarceration in the county jail and a $2000 fine. After conferring informally with the jury off the record, however, the trial judge announced in open court that, even in the absence of a jury recommendation, she would suspend the imposition of the appellant's sentence, place him on community supervision for a period of two years, and suspend all but $500 of the fine. The trial judge also imposed, *inter alia*, a thirty-day jail term and a requirement that the appellant complete 60 hours of community

---

[2] TEX. PENAL CODE § 49.04(a) and (b).

[3] TEX. CODE CRIM. PROC. art. 37.07, § 2(b).

[4] TEX. CODE CRIM. PROC. art. 42.12, § 4(d)(3) and (e)

service as conditions of the community supervision.[5]

On appeal, the appellant argued that, because he had elected to go to the jury for assessment of punishment, the trial judge lacked authority to suspend any sentence that the jury assessed. The trial judge's unilateral action in placing him on community supervision, he argued, deprived him of his statutory right to a jury assessment of punishment. A majority of the court of appeals panel disagreed,[6] holding that the trial judge had the authority to suspend the imposition of punishment assessed by virtue of Article 42.12, §3, of the Code

---

[5]

Immediately after reading the jury's punishment verdict in open court, the trial judge called a recess, during which she met with the jurors. Following the recess, she made the following pronouncement in open court:

> THE COURT: * * * The jury has come back with the punishment of incarceration in the Travis County jail of 35 days and a $2,000 fine. Under the powers that exist for judges in the Code of Criminal Procedure, I am going to instead place [the appellant] on probation.
>
> After speaking with the jury, it is their intent that he receive some services in the community, and I think that that's appropriate to protecting the public interest in this community, that [the appellant] receive some counseling and is evaluated to make sure that there is no other problems that may prohibit him from moving forward at this point.
>
> Therefore, I am going to probate the jury's sentence for two years, and I am going to probate $1,500 of the fine, and he shall serve, as a condition of probation, 30 days in jail and 60 hours of community service, and ignition interlock for one-half of the term of probation, to begin when he exits the jail.

Although the appellant did not immediately thereafter object to the suspension of his sentence, his dissatisfaction with the prospect of being placed on community supervision is amply spread on the record, and the trial court was well aware of it. There is no issue of procedural default before us.

[6]

*Ivey v. State*, 250 S.W.3d 121 (Tex. App.—Austin 2007).

of Criminal Procedure,[7] regardless of which entity, judge or jury, assessed the punishment. One justice dissented. We granted the appellant's petition for discretionary review in order to address the question of whether a trial court can suspend a jury-assessed punishment and order community supervision when the jury itself could not have recommended community supervision.[8]

## THE STATUTE

Under Article 42.12, a trial judge has fairly broad discretion to suspend the imposition of sentence when he deems it to be "in the best interest of justice, the public, and the defendant" to do so.[9] That discretion is not unfettered, of course. For example, the trial judge may not suspend a sentence of imprisonment that exceeds ten years.[10] Nor may a trial judge suspend a sentence for certain particularly heinous crimes,[11] or for felonies involving

---

[7] TEX. CODE CRIM. PROC. art. 42.12, § 3.

[8] TEX. R. APP. PROC. 66.3(b) and (e). We mistakenly granted not only the appellant's first ground for review (which we intended), presenting this question, but also his second and third grounds (which we had not intended to grant). Because our disposition of the appellant's first ground for review essentially renders the other two moot, and because we had never intended to grant them in the first place, we declare them improvidently granted now, with apologies to the parties for putting them to the trouble of briefing them. TEX. R. APP. PROC. 69.3.

[9] TEX. CODE CRIM. PROC. art. 42.12, § 3(a).

[10] Id., § (e)(1).

[11] Id., § 3g(a)(1).

the use or exhibition of a deadly weapon.[12]  In misdemeanor cases such as the appellant's, "[e]ligibility for regular misdemeanor community supervision from the trial judge is refreshingly simple—all defendants charged with any [misdemeanor] offense are eligible."[13]  The only limitation is that the trial judge may not set a term of community supervision that exceeds two years.[14]

A trial judge *must* suspend the imposition of a sentence of confinement under circumstances in which a jury is authorized to, and does in fact, recommend it.[15]  A jury may recommend community supervision even for some of the heinous offenses that a trial judge may not,[16] and regardless of whether a deadly weapon was involved.[17]  But there are several limitations upon the jury's authority to recommend community supervision.[18]  First, as with the trial judge, the jury may not recommend community supervision in a felony case when

---

[12]  *Id.*, § 3g(a)(2).

[13]  George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 39.46 (2d ed. 2001), at 23.

[14]  TEX. CODE CRIM. PROC. art. 42.12, § 3(c).

[15]  *Id.*, § 4(a).

[16]  *Id.*, § 4(d)(5) through (7); George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 39.32 (2007-2008 Supple.), at 4-5.

[17]  George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 39.32 (2d ed. 2001), at 18.

[18]  *Id.*, § 39.34, at 19.

it has imposed a sentence longer than ten years.[19] Second, whereas the trial judge may place an otherwise eligible defendant on community supervision even if he has a prior felony conviction, a jury may not recommend community supervision unless the defendant files a timely sworn motion alleging that he has never been convicted of a felony offense and the jury makes an express finding that his allegation is true.[20]

In the instant case, the defendant elected to go to the jury for punishment. Then he made a deliberate decision not to file a sworn motion seeking community supervision because he specifically did not want the jury to have the option to recommend it. The question is whether it was within the trial court's authority to place him on community supervision anyway. For the following reasons, we hold that it was.

## ANALYSIS

The appellant makes several arguments why the court of appeals erred to hold that the trial judge could place him on community supervision even though the jury that assessed his punishment did not. First, he argues that to allow the trial judge to do so violated his statutory right to elect the jury to assess his punishment. Second, he argues that the language and legislative history of Article 42.12 should lead us to prefer a construction that would prohibit the trial judge from circumventing the jury's prerogative *not* to place him on community supervision. We disagree on both counts.

---

[19] TEX CODE CRIM. PROC. art. 42.12, § 4(d)(1).

[20] *Id.*, §§ 4(d)(3) and (e).

**The Statutory Right to Jury Punishment**

We reject the appellant's first argument for essentially the same reason that the court of appeals did.[21]  Although the appellant has no constitutional right to jury-assessed punishment,[22] a defendant in Texas has the statutory right to elect to have his "punishment . . . assessed" by a jury.[23]  We have said that community supervision "is not a sentence or even a part of a sentence."[24]  Therefore, when a trial judge suspends imposition of jury-assessed punishment, he does not encroach upon the defendant's statutory option to have the jury assess his *sentence*.  Perhaps it could be argued, nevertheless, that community supervision, with all of its attendant terms and conditions, is in some sense part of the "punishment" that the appellant has a statutory right to have the jury assess.  Even so, if Article 42.12 does in fact authorize the trial court to suspend a jury-imposed sentence and place the appellant on community supervision, this would constitute a permissible legislative qualification upon a legislatively endowed right—what the Legislature giveth, the Legislature may taketh away.  In that event, the trial judge who grants probation despite a contrary jury recommendation merely asserts his independent statutory prerogative to suspend imposition

[21] *Ivey v. State*, *supra*, at 124-25.

[22] *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006).

[23] *See* TEX. CODE CRIM. PROC. art. 37.07, § 2(b) (if the defendant so elects, his "punishment shall be assessed by the . . . jury").

[24] *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999).

of the sentence whenever, in his best judgment, the interests of justice, the public, and the defendant would be served. *If* the Legislature intended for a trial judge's discretion under Section 3 of Article 42.12 to extend this far, it is a legitimate qualification upon the appellant's statutory right to have the jury *otherwise* assess his punishment.[25]

This brings us to the appellant's second argument. *Does* the apparently broad language of Article 42.12, Section 3(a), *in fact* authorize the trial judge to place an eligible defendant on community supervision regardless of whether he or the jury assessed his punishment? In construing any statute, we begin our analysis with the language of the statute itself and resort to legislative history only if the statutory language is not plain.[26]

### Statutory Language

Under Article 42.12, Section 4(a), the trial court is plainly required to place an eligible defendant on community supervision when the jury recommends it.[27] But this does not mean, as a matter of simple logic, that the trial judge may *not* place an eligible defendant on community supervision when a jury does *not* (for whatever reason) recommend it. As it

---

[25] *See Moser v. State*, 602 S.W.2d 530, 533 (Tex. Crim. App. 1980), *overruled on other grounds*, *Polk v. State*, 693 S.W.2d 391 (Tex. Crim. App. 1985) ("The Legislature having created assessment of punishment by the jury, the Legislature may alter or abolish that procedure (within the bounds of due process and other constitutional strictures.").

[26] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[27] *See* TEX. CODE CRIM. PROC. art. 42.12, § 4(a) ("A judge shall suspend the imposition of the sentence and place the defendant on community supervision if the jury makes that recommendation in the verdict.").

presently reads, the statute does not directly speak to this question.[28] Nothing in the language of Article 42.12 *expressly prohibits* the trial judge from suspending a jury-assessed sentence and imposing community supervision just because the jury assessed punishment and did not recommend it. Article 42.12, Section 3(a), broadly authorizes the trial judge to place an eligible defendant on community supervision whenever he deems it "in the best interest of justice, the public, and the defendant" to do so. Presumably a trial judge might find community supervision to be appropriate under these criteria even when the jury has assessed punishment but declined, or, as in this case, was unable, to impose it. But the statute does not expressly speak to whether the broad discretion to place a defendant on community supervision conferred by Section 3(a) applies equally when it is the jury, rather than the trial judge, that assesses punishment.[29] We may therefore look to legislative history to help us to construe the statute.

---

[28] As we shall see *post*, originally Article 42.12 *did* directly speak to this question and plainly provided that the trial judge's discretion to impose probation did not depend upon which entity, judge or jury, assessed punishment—he could impose it in either event.

[29] In her dissenting opinion, Presiding Judge Keller argues that, reading the community-supervision provisions of Article 42.12 as a whole, together with Article 37.07, Section 2(b), it is plain that the trial judge lacks discretion to impose community supervision whenever the defendant elects to have the jury assess his punishment. She therefore objects to our proceeding to an examination of extra-textual considerations in construing the statutory language. We disagree that the statutory scheme as a whole is without ambiguity. Section 4(a) of Article 42.12 provides that, when a defendant elects to go to the jury for assessment of punishment, it "may recommend" community supervision. In that event, the trial court "shall" impose it. The fact that the Legislature perceived the need to expressly *mandate* community supervision whenever a jury "recommends" it suggests that the legislators contemplated that the trial court otherwise has some discretion in the matter, by virtue of its authority under Article 42.12, Section 3—notwithstanding that the defendant elected to have the jury assess his punishment under Article 37.07, Section 2(b).

**Legislative History**

The appellant argues that "[t]he history of Article 42.12 shows that prior to 1965 the trial judge could not grant probation unless it was recommended by a jury, see *Whitehead v. State*, 286 S.W.2d 947, (Tex.Cr.App. 1956)."[30] This is a gross oversimplification. Neither *Whitehead*, nor the case upon which it relied, *Brown v. State*,[31] purported to construe a predecessor to Article 42.12. Instead, both construed the former Suspended Sentence Law of 1913.[32] First enacted before a felony defendant was permitted to waive his right to trial by jury in Texas, the Suspended Sentence Law did not authorize a true form of probation. Instead it permitted juries to refrain from imposing any punishment *at all* upon first-time offenders unless and until the defendant should commit a subsequent felony offense,[33] but there were no terms and conditions for remaining at large or any type of supervision imposed.

---

[30] Appellant's brief, at 10.

[31] 156 Tex. Crim. 652, 245 S.W.2d 497 (1951).

[32] Acts 1913, 33rd Leg., ch. 7, p. 8. For a partial history of this provision, *see Ex parte Renier*, 734 S.W.2d 349, at 366, n.21 (Tex. Crim. App. 1987) (Teague, J., dissenting).

[33] Indeed, had the Suspended Sentence Law authorized a suspension of a sentence already imposed by judge or jury, as community supervision does, it would have been deemed an unconstitutional encroachment upon the Governor's clemency powers—at least until 1935, when an amendment to the Texas Constitution provided for the first time that Texas courts were explicitly authorized "after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation[.]" TEX. CONST. art. IV, Section 11A. *Compare Snodgrass v.* State, 67 Tex. Crim. 615, 150 S.W. 162 (1912), *and Snodgrass v. State*, 67 Tex. Crim. 648, 150 S.W. 178 (1912), *with Baker v. State*, 70 Tex. Crim. 618, 158 S.W. 998 (1913). *See also McNew v. State*, 608 S.W.2d 166, at 176 (Tex. Crim. App. 1980) (Op. on reh'g) (Suspended Sentence Act created a different kind of "probation" than that created by Article 42.12 and its predecessors).

Later, once defendants were permitted to waive jury trials in felony cases,[34] the Suspended Sentence Law was supplemented to allow trial judges also to suspend sentences in pleas of guilty before the court.[35]  At no time under the Suspended Sentence Law did a trial judge have authority to suspend a defendant's sentence *in a jury trial* absent a recommendation from the jury.

The first true "Adult Probation and Parole Law" was not enacted by the Legislature until 1947.  Under this provision, it was exclusively up to the judge of the trial court, "after conviction or a plea of guilty[,]" whether to grant probation.[36] The jury had no role in granting probation, even in a jury trial.  The 1947 act was repealed and replaced by the "Adult Probation and Parole Law of 1957,"[37] but the jury had no role in granting probation

---

[34] Acts 1931, 42nd Leg., ch. 43, § 1, p 65.

[35] *Id.*, § 4, p. 66; Acts 1941, 47th Leg., ch. 602, § 1, p. 1334.  Indeed, a careful reading of *Whitehead* and *Brown*, both decided after felony defendants were empowered to waive jury trials, reveals that they stand only for the proposition that the trial court cannot suspend a sentence in a *jury* trial under the Suspended Sentence Law unless the jury recommends it.

[36] *See* Acts 1947, 50th Leg., ch. 452, p. 1049.  Under this original provision, the trial court was authorized to suspend sentence and place the defendant on probation upon his conviction or guilty plea for any but certain enumerated offenses when the court was satisfied that it was in the best interest of the public and the defendant to do so, as long as the sentence did not exceed ten years and the defendant had never before been convicted of a felony.  This provision was codified as Article 781b of the 1925 Code of Criminal Procedure.  Of course, a jury—and after 1931, also a judge in a guilty plea before the judge—could still suspend a sentence under the still-extant Suspended Sentence Law, but there was no formal probation or community supervision involved.

[37] *See* Acts 1957, 55th Leg., ch. 226, p. 466.  The only material difference between the 1947 act and the 1957 act is that the trial court was authorized to suspend sentence and place the defendant on probation only upon conviction or guilty plea for any *felony* offense other than those enumerated.

under the 1957 provision, either. Because neither the original 1947 enactment nor the 1957 re-codification of the new probation statute repealed the Suspended Sentence Law, they continued to coexist in the 1925 Code of Criminal Procedure, and this Court sometimes had to be careful not to confuse the two.[38]

With the advent of the 1965 Code of Criminal Procedure, that portion of the 1957 Adult Probation and Parole Act dealing with probation was amended and re-codified as Article 42.12.[39] While the 1947 and 1957 probation acts had expressly prohibited the trial judge from granting probation to a defendant with a prior conviction for a felony offense, the 1965 version of Article 42.12 (as now) contained no such explicit limitation. Moreover, the Suspended Sentence Law was expressly repealed. Juries were authorized for the first time to recommend that defendants who met certain qualifications be placed on *court-supervised probation*. The limitations upon jury-imposed probation were generally the same in 1965 as they were under the former Suspended Sentence Law (and as they remain to this day), *viz*:

---

Otherwise, the criteria for and limitations upon a trial court's authority to impose probation were the same. This provision was codified as Article 781d of the 1925 Code. Once again, the Suspended Sentence Law continued to coexist with the 1957 act.

[38]

    *See Ex parte Pittman*, 157 Tex. Crim. 301, 305, 248 S.W.2d 159, 162 (1952) ("The requisites necessary to a suspended sentence under the suspended sentence law have no application to the Adult Probation and Parole law. The right of . . . probation under that law is entirely at the will or wisdom of the trial judge.").

[39]

    *See* Acts 1965, 59th Leg., ch. 722, p. 489. Article 42.12 originally covered only felony probation. Probation in misdemeanor cases was available pursuant to former Article 42.13. *See id.*, at p. 499. Later, however, Article 42.13 was repealed and misdemeanor probation was reincorporated into Article 42.12. *See* Acts 1985, 69th Leg., ch. 427, pp. 1533 & 1555.

1) the defendant must file a sworn motion alleging, and the jury must find as a fact, that he has never before been convicted of a felony offense; and 2) the sentence must not exceed ten years. And, as under the current incarnation of the statute, if the jury recommended probation, the trial court was required to grant it.[40]

In addition, and most pertinent to the question before us today, Section 3c of Article 42.12, as originally enacted in 1965, expressly provided that "[n]othing herein shall limit the powers of the court to grant a probation of sentence regardless of the recommendation of the jury or prior conviction of the accused."[41] Thus, the first adult-probation statute to allow the jury to recommend *probation* also expressly authorized the trial court to grant probation, in its discretion, whether the jury recommended it or not.[42] It also, for the first time, expressly authorized the trial judge to impose probation even if the defendant had a prior felony conviction.[43] It is not hard to imagine why the Legislature may have felt compelled to add

---

[40] Under former Article 42.13, juries could also recommend probation in misdemeanor cases, subject to analogous limitations. As with felony probation, if the jury recommended misdemeanor probation, the trial court was required to grant it.

[41] There was no comparable language in Article 42.13.

[42] *See Kerry v. State*, 452 S.W.2d 480, 481 (Tex. Crim. App. 1970) (citing Article 42.12, Section 3c in support of the proposition that "[i]n the absence of a recommendation by the verdict of a jury . . ., the question of whether an accused is entitled to the benefits of adult probation law rests within the discretion of the trial court . . . ."); *Rangel v. State*, 486 S.W.2d 307, 308 (Tex. Crim. App. 1972) ("Even though the jury would not have been able to recommend probation, appellant could still have been granted probation by the court. Article 42.12, Section 3c, V.A.C.C.P.").

[43] *See* Article 42.12, V.A.C.C.P. (1979) (Interpretative Commentary), at 473 ("Further note should be taken of the fact that a defendant who receives probation at the hands of the jury must be

this provision. Undoubtedly mindful of the holding of cases like *Whitehead* and *Brown*, the Legislature wanted to make clear that it did not intend that the probation statute should be construed, as the former Suspended Sentence Law had been, to disallow the trial judge's discretion to suspend a sentence and place the defendant on probation just because the jury had assessed punishment. Moreover, the Legislature wanted to make explicit the change in the law from the 1947 and 1957 probation statutes, which had prohibited the trial judge from granting probation to any defendant with a prior felony conviction. Although no such prohibition otherwise appears in the language of the original Article 42.12, the Legislature undoubtedly perceived a need to highlight the change—if only to disabuse the criminal bench and bar of what had likely become, over the course of eighteen years, a reflex.

Thus, at the first point in time at which the statute endowed both judge and jury with authority to grant *probation*, the statute also expressly provided that the jury's authority to make a binding recommendation with respect to probation should not be read to impinge upon the trial judge's discretion to grant it. Of course, just looking at the language of the original Article 42.12 itself, there was no particular reason to believe that the jury's authority *should* be read to impinge upon the trial judge's discretion. The Legislature undoubtedly added Article 42.12, Section 3c, simply to emphasize the changes it had made from the old Suspended Sentence Law and the earliest Adult Probation and Parole statutes.

---

one who has not theretofore been convicted of a felony. No such limitation is placed upon the defendant who elects to have his punishment fixed by the Court. Sec. 3c.").

## Subsequent Amendments to Article 42.12

Since 1965, Article 42.12 has been amended to erode and eventually remove Section 3c altogether, so that the statute no longer *expressly* provides *either* that the trial judge has discretion to grant probation regardless of the jury's recommendation, *or* that he can grant it even if the defendant has a prior felony conviction. The appellant urges us to construe the Legislature's removal of this language from the statute to divest trial judges of the discretion to grant probation when the jury assesses punishment. We do not think that was the intent of the Legislature.

The relevant changes were incremental. In 1989, Section 3c of Article 42.12 was struck.[44] Section 3a, governing jury-imposed probation, was renumbered as Section 4.[45] Subsection (c) of Section 4 was added, which read: "This section does not prohibit a court from granting probation in a case if the jury in the case does not recommend probation."[46] Thus, the express language that a judge could grant probation despite the fact that the defendant had a prior felony conviction was removed from Article 42.12. Even so, the House Research Organization Bill Analysis indicates that "[p]revious conviction of other types of felonies [than those listed in Article 42.12, Section 3g] would not be grounds for

---

[44]

 Acts 1989, 71st Leg., ch. 785, § 4.17, p. 3500, eff. Sept. 1, 1989.

[45]

 *Id*. at 3499.

[46]

 *Id*. at 3500.

denying a defendant probation."[47]  It was apparently not the intention of the Legislature, by removing the express language of Section 3c with respect to prior felony convictions, to take away the trial judge's authority under Section 3 to grant probation just because a defendant had a prior felony conviction.

Then, in 1993, Article 42.12, Section 4 was completely rewritten, and Subsection (c) was deleted entirely.[48]  Since that time, the statute has lacked any language speaking directly to the question of whether a trial court's discretion to grant community supervision is foreclosed by a jury's authority to recommend community supervision when it assesses punishment.  None of the bill analyses mention, much less explain, the deletion of Section 4(c)—but neither do they suggest in any way that the intent behind the 1993 amendments to Sections 3 and 4 of Article 42.12 was to prohibit a judge from granting community supervision to a defendant for whom the jury has declined to recommend it.[49]  And a Final Bill Analysis prepared by the Texas Punishment Standards Commission after the 1993 amendment was passed expressly declared that the amendments to Section 4 of Article 42.12 were "intended as a clarified restatement of current law," with three exceptions not relevant

---

[47]

House Research Organization, Bill Analysis, Tex. H.B. 2335, 71st Leg., R.S., p. 11 (May 3, 1989).

[48]

Acts 1993, 73rd Leg., ch. 900, § 4.01, pp. 3718-19, eff. Sept. 1, 1993.  Incidentally, this was the legislation that changed the nomenclature from "probation" to "community supervision."

[49]

House Research Organization, Bill Analysis, Tex. S.B. 1067, 73rd Leg., R.S., pp. 32-33 (May 6, 1993); Senate Research Center, Bill Analysis, Tex. S.B. 1067, 73rd Leg., R.S., pp. 22-23 (Aug. 11, 1993).

here.[50]  We find no contrary indication in the legislative history.

We conclude that the Legislature intended no change in the law when it deleted Section 4(c) (formerly Section 3c) from Article 42.12 in 1993.  By that time, Article 42.12 had been in effect and in constant use for some twenty-eight years.  There was no longer any serious danger that conflicting language in, or judicial construction of, former probation and suspended sentence statutes would mislead the bench and bar into believing that a jury's authority to mandate probation under Section 4 might impinge upon the trial court's broad discretion to grant it under Section 3.  By 1993, the Legislature probably regarded the deleted language as vestigial—no longer necessary to effectuate its intent.[51]  We hold that the trial court in this case did not err to place the appellant on community supervision even though

---

[50]

Texas Punishment Standards Commission, Final Bill Analysis: Senate Bill 1067, Aug. 31, 1993, at 81.  The Commission, now defunct, was tasked with drafting the original version of S.B. 1067.  *See* www.lib.utex.edu/taro/tslac/50081/500811-P.html.

[51]

Citing *Getts v. State*, 155 S.W.3d 153, 158 (Tex. Crim. App. 2005), Presiding Judge Keller argues that "we must still give effect to a substantive revision that by its language changes the law, even if that was not the Legislature's intent."  Dissenting Opinion, at 4, n.9.  But the cardinal principle of statutory construction is to effectuate the legislative intent.  *Boykin v. State*, *supra*, at 785.  Where statutory language is specific and plain, we implement its plain terms, even in the face of extra-textual evidence of a contrary legislative intent—not because legislative intent is not paramount, but because we regard the language of the statute itself, when specific and plain, to be the paramount indicium of that legislative intent.  *Id.*  In *Getts*, we found the statutory language to be specific and unambiguous, and therefore rejected purported indications in the legislative history that the intent of the Legislature was different than that expressed in the plain language of the statute itself.  We disagree with Presiding Judge Keller that the statutory scheme as expressed in Articles 37.07 and 42.12 is plain with respect to whether a trial judge can impose community supervision even when the defendant elects to have the jury assess punishment, for reasons expressed in the text and in note 29, *ante*.  We therefore find it appropriate to resort to the legislative history, which plainly indicates that no substantive change of law was intended by the Legislature in its 1993 amendment.

the jury assessed his punishment and did not recommend it. It was within the discretion of the trial court under Article 42.12, Section 3, to do so, so long as the appellant met the criteria for community supervision spelled out there.[52]

---

[52] Judge Holcomb objects to our disposition because (if we correctly understand him) he believes we misconstrue Article 42.12, Section 3(a). Dissenting Opinion, at 4-5. Section 3(a) provides that "[a] judge, in the best interest of justice, the public, and the defendant, after conviction or a plea of guilty or nolo contendere, may" suspend sentence and place the defendant on community supervision. Other provisions of Article 42.12 say, by contrast, that the trial court may, *e.g.*, impose deferred adjudication "*when in the judge's opinion* the best interest of society and the defendant will be served," Article 42.12, § 5(a), or reduce the term of confinement upon revocation of community supervision "*if the judge determines that* the best interest of society and the defendant would be served" thereby, Article 42.12, § 23(a). Because Section 3(a) does not likewise expressly condition the trial court's action on the judge's *opinion* or *determination* about what is in the defendant's best interest, Judge Holcomb seems to reason, the Legislature must have meant that it was up to the defendant *himself* to determine what is in his best interest for purposes of being placed on community supervision by the trial court. Hence, he asserts, community supervision "should only be meted out to desirous defendants." Dissenting opinion, at 6. We reject this construction of Article 42.12, Section 3(a). We think it implicit in the language of the provision that it is up to the *judge* to decide whether it is "in the best interest of justice, the public, and the defendant" to impose community supervision. It is not up to the defendant to determine whether it is in his own best interest to be placed on probation any more than it is up to the public to somehow determine whether it is in *its* best interest to place him on probation. By Judge Holcomb's understanding, a trial court could never place a defendant on probation unless he was "desirous" of it, regardless of whether the judge or the jury assessed punishment. We are quite sure that was not the legislative intent.

It is not hard to imagine the policy that informs the Legislature's judgment to retain discretion in the trial court to impose probation even upon a defendant who has elected to go to the jury for punishment, notwithstanding the desire of the defendant himself. It prevents the defendant from avoiding appropriate court supervision by the simple expedient of electing to go to the jury for punishment and then failing to file a motion for community supervision. The instant case provides a compelling example of why the policy is an eminently sensible one. From the record before us, the trial court could readily have concluded that the appellant was a generally law-abiding citizen who was in denial about an obvious drinking problem. Under such circumstances, the trial court might rationally conclude that the best interest of justice, the public, and the defendant himself would suggest a course of substance-abuse rehabilitation, under Article 42.12, Section 13, rather than the stigma (however much the defendant, in his denial, might prefer it) of a jail sentence. Moreover, it prevents otherwise law-abiding citizens who perpetrate certain property crimes or crimes against the person in order to support a drug habit from avoiding court-ordered substance abuse treatment programs for which they are otherwise eligible, Article 42.12, Section 14 ("Substance Abuse Felony

**CONCLUSION**

Accordingly, the judgment of the court of appeals is affirmed.

Delivered:   February 11, 2009
Publish

---

Program"), by electing jury assessment of punishment and deliberately opting not to file a motion for community supervision.  It may often be the case that such defendants are not "desirous" of court supervision, but that does not always mean it is not in their best interests.  Certainly this was the legislative policy as directly expressed in the statutory language of Article 42.12, right up until the 1993 amendment.  As we point out in the text, *ante*, at 16-17, nothing about the 1993 amendment was intended to change that policy.