

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0007-13 & PD-0008-13

**ALI YAZDCHI, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

**PRICE, J., filed a concurring opinion.**

## CONCURRING OPINION

For essentially the reasons the Court gives, I would construe the statutory scheme as

a whole to affirm the court of appeals's judgment in this case. I agree that, "under the entire

statutory scheme governing regular community supervision, . . . appellant was ineligible for

jury-recommended community supervision because, even though he received judicial

clemency on an earlier community supervision, that conviction was resurrected [at least] for

the limited purpose of probation ineligibility when he was convicted of the present offense."[1]

But I do not believe that this conclusion derives to any extent from the literal language of Article 42.12, Section 20(a)(1) of the Code of Criminal Procedure.[2] To the contrary, at least with respect to the particular questions at issue in this case, Section 20(a)(1) is manifestly ambiguous. Because I would resolve that manifest statutory ambiguity in a way that comes to the same conclusion that the Court reaches today—and for essentially the same reasons the Court finds the meaning of Section 20(a)(1) to be "plain"—I concur in the result.

The extent to which statutory language may be plain on its face or ambiguous is sometimes a function of the question that is brought to bear. A given statutory provision will sometimes clearly answer one question but remain hopelessly insoluble with respect to another. Take, for example, the provision at issue here:

> If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted or to which the defendant has pleaded guilty, except that:
>
> (1) proof of the conviction or plea of guilty shall be made known to the judge should the defendant again be convicted of any criminal offense[.][3]

---

[1] Majority Opinion at 22.

[2] TEX. CODE CRIM. PROC. art. 42.12, § 20(a)(1).

[3] *Id.*

What is perfectly plain from this statutory provision is that:

- a judge who discharges a defendant under earlier provisions in Section 20 is permitted ("may") to set aside the earlier verdict or permit the defendant to withdraw his plea, and, if he should exercise his discretion to do so, he must ("shall") dismiss the pleading;[4]

- the defendant "shall thereafter be released from all penalties and disabilities" he would otherwise suffer on account of the discharged conviction;[5]

- "except that" if the defendant should "again be convicted" of a criminal offense, "proof of" the earlier conviction for which the defendant has otherwise been discharged "shall be made known to the judge[.]"[6]

But at least two questions not plainly answered by Section 20(a)(1) are:

- *who* shall make the prior discharged conviction known to the trial judge;

- and for what *purpose* the prior discharged conviction shall be made known to the trial judge.

Section 20(a)(1) does not expressly address, much less resolve, these questions.

---

[4]
    That is to say, if he exercises his discretion to set aside the verdict or permit the defendant to withdraw his plea, the judge must then dismiss the pleading. The provision plainly means *at least* this much. It may also mandate the judge to dismiss the pleading *whether or not* he has exercised his discretion to set aside the verdict or permit the defendant to withdraw his plea. This does not seem like the preferred reading to me; I simply mean here to point out the ambiguity.

[5]
    I do not mean to suggest that the phrase "penalties and disabilities" is necessarily without its own ambiguity, but only to say that, whatever those "penalties and disabilities" may be, the judge must "release" the defendant from them. That much is indeed quite plain.

[6]
    The statute does not make perfectly plain, however, any particular form that "proof" of the "earlier conviction" may or must take.

With respect to the first question of *who* must inform the judge, the statute is maddeningly passive, simply mandating that the discharged conviction "be made known to the judge[,]" without identifying a mechanism. Perhaps it is in view of this passivity that the Court answers the first question by reference to a different provision in Article 42.12—Section 4(e).[7] Section 4(e) requires a defendant seeking regular community supervision from a jury to file a sworn motion attesting to the fact that he has not previously been convicted of a felony.[8] It may indeed make sense to point to this provision as a sure indicator of who should be responsible to inform the judge of a prior discharged conviction under the exception clause of Section 20(a). But it *only* makes sense to do so if at least part of the legislative purpose behind the statutory exception is to "resurrect" the discharged conviction in order to render an again-convicted defendant ineligible for jury-imposed community supervision.[9] Thus, the Court derives an answer to the *first* question Section 20(a)(1) does not clearly answer (*who* must inform the judge?) by presupposing an answer to the *second* question Section 20(a)(1) does not clearly answer (*why* must the judge be

---

[7] Majority Opinion at 18-19.

[8] TEX. CODE CRIM. PROC. art. 42.12, § 4(e).

[9] In *Cuellar v. State*, 70 S.W.3d 815, 820 (Tex. Crim. App. 2002), we observed that, under Section 20(a)(1), "if the discharged person is subsequently convicted of another criminal offense, the previously dismissed 'former' felony conviction will resurrect itself and be made known to the trial judge." But we did not purport to say what the scope of the "resurrection" might be, either as a function of Section 20(a) or otherwise.

informed?).

With respect to the second question—the purpose for making the discharged conviction "known to the judge"—the Court today does not limit its interpretation of the "exception" clause in Section 20(a)(1) to an analysis of the language of that particular provision alone. Instead, the Court reasons that "the language of the entire statutory scheme . . . provides that under Section 20(a), an earlier judicial-clemency discharge is treated as a conviction for the limited purpose of probation ineligibility upon subsequent conviction of another offense."[10] I presume that by "the entire statutory scheme" the Court means those other provisions of Article 42.12 (such as Section 4(e)) that informed its discussion of the first unanswered question of *who* must inform the judge.[11] But none of those provisions *plainly* speaks to the second question of *why* the judge is to be informed. None of those provisions, in other words, necessarily resolves the ambiguity that resides in Section 20(a)(1)'s exception clause with respect to the Legislature's purpose in mandating that it "be made known to the judge" that the defendant had a prior (albeit discharged) conviction. That being so, it is simply unclear to me how they speak plainly to the first question—the *who* question—either. If the statutory scheme as a whole fails to *plainly* indicate that the *purpose* of making the discharged conviction "known to the judge" is so that he can prohibit the

---

[10] Majority Opinion at 20-21.

[11] *Id*. at 18 (citing TEX. CODE CRIM. PROC. arts. 37.07, § 2(b), 42.12, § 4(e)).

defendant from seeking community supervision from a jury, then I fail to understand how Section 4(e) can operate to plainly designate that it is *the defendant* who must make the fact of his discharged prior conviction known to the judge.

I do agree that at least one likely purpose that the Legislature had in mind when it mandated that a prior discharged conviction be "made known to the judge" was so that he could make a decision with respect to whether the defendant was eligible for jury-imposed community supervision.[12] But this conclusion neither derives from the "plain" language of Section 20(a)(1) itself, nor does it seem to me to "plainly" derive from the language of the other provisions that the Court consults. The Court should not say or even suggest otherwise.[13]

---

[12] In another context, the Legislature has made the consideration of a prior deferred adjudication, though it is later discharged, relevant specifically to the fact-finder's determination "on the issue of penalty" in the event that the defendant is subsequently convicted of another offense. TEX. CODE CRIM. PROC. art. 42.12, § 5(c)(1). Thus, the Legislature knows how to specifically *limit* the fact-finder's consideration of prior prosecutions that ultimately result in discharge in subsequent prosecutions. That Section 20(a)(1) imposes no limitations on the reason a prior discharged straight probation should "be made known to the judge" suggests that the Legislature contemplated that its use should *not* be circumscribed as it is in Article 42.12, Section 5(c)(1).

[13] We have said that "the cardinal principle of statutory construction is to effectuate the legislative intent." *Ivey v. State*, 277 S.W.3d 43, 52 n.51 (Tex. Crim. App. 2009). We use ordinary canons of statutory construction as a tool in determining whether the literal language of a statute in fact produces a plain meaning. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). But once we have declared the meaning of a statute to be "plain" on its face, all other indicia of legislative intent, including extra-textual considerations such as statutory history, are rendered irrelevant. *Ivey*, 277 S.W.3d at 52 n.51. Declaring a statute to be "plain" when it plainly is not prematurely forecloses such considerations. When a statute is truly ambiguous, to nevertheless call it "plain" threatens to cut us off from a potentially (perhaps even critically) informative source of legislative intent.

With these observations, I concur in the Court's judgment.


FILED:      April 9, 2014
PUBLISH