

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-1026-13, PD-1027-13

### DAISY GUTIERREZ-RODRIGUEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### BRAZOS COUNTY

COCHRAN, J., filed a concurring opinion in which MEYERS, JOHNSON and ALCALA, JJ., joined.

CONCURRING O P I N I O N

I agree with the majority's resolution of this case, and I agree with much of its reasoning. I write separately because I fear that the majority paints with too broad a brush, which could confuse the bench and bar into thinking that *all* potential issues and claims concerning restitution that is ordered as a term of probation are waived unless the defendant objects at the sentencing hearing.

I am especially concerned by the majority's statement,

> Concepts of error-preservation that apply in non-probation cases do not necessarily carry over to probation cases because probation involves a kind of contractual relationship that does not exist in non-probation cases.[1]

I do not see any jurisprudential difference between error-preservation requirements in cases involving community supervision and cases that involve jail or prison time or a fine.[2]  First, either a probationer or a prisoner may still complain for the first time on appeal if she was not personally present in the courtroom at the time restitution was ordered and therefore had no opportunity to object.[3]  Second, either a probationer or a prisoner may still complain for the first time on appeal if there was no factual basis for the restitution order or some component of it (*i.e.,* a claim of sufficiency of the evidence).[4]  And there might be other

---

[1] Majority op. at 4.

[2] I also find it a bit peculiar to talk about community supervision as if it were some arms-length, equal-bargaining-power, contractual transaction like buying a car.  Because a majority of this Court has held that a defendant may be forced to accept community supervision against his will and even when a jury does not recommend it, community supervision is more like an adhesion contract–a "take it or leave it" proposition–in which the defendant has no bargaining power.  *Ivey v. State*, 277 S.W.3d 43, 52 (Tex. Crim. App. 2009).

[3] *See, e.g., Landers v. State*, 402 S.W.3d 252, 255 (Tex. Crim. App. 2013) (because defendant was not given an opportunity to object in open court to imposition of attorney pro tem fees, she did not forfeit her complaint by raising it for the first time on appeal).

[4] *See Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980) (remanding case for a restitution hearing because of a lack of a factual basis in the record to support the amount of restitution ordered); *see also Idowu v. State*, 73 S.W.3d 918, 921-22 (Tex. Crim. App. 2002) ("If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly.").  Indeed, the State Prosecuting Attorney (SPA) began the summary of her argument with the following:
> Although a defendant need not object to preserve a claim of evidentiary insufficiency, the issue in this case was not the sufficiency of the evidence to support the restitution order, but whether restitution was authorized for property not alleged in the indictment.
SPA's Brief at 3.  The SPA is correct; that is the issue–the only issue– that we should address in this

scenarios in which either the probationer or prisoner could complain for the first time on appeal. But in this case, the SPA's issue is whether "an unauthorized restitution order [is] subject to forfeiture." And the answer to that question, based on this record, is "Yes."

**I.**

Appellant was charged with theft of a GPS device stolen during the burglary of Ronald Blair's pickup. She was also charged with theft of an iPod taken during the burglary of Daniel McCoy's pickup. Numerous other items (with a total value of $1,215) were stolen from the victims' pickups at the same time. Appellant pawned both the GPS device and the iPod. Her boyfriend, Jamie Rodriguez, pawned items taken during some of the other 60 car burglaries in the neighborhood. Police went looking for Rodriguez, who often drove appellant's black Milan, which was fitted with a rear spoiler. When officers saw Rodriguez driving appellant's car, they tried to stop him, but he led them on a high-speed chase, eventually wrecking the Milan and escaping on foot. Numerous iPods, GPS devices, knives, tools, and compact discs were in the trunk of appellant's car.

During a police interview, appellant admitted that she knew that some of the items in her trunk had been stolen, but she didn't think that she would get in trouble for having them. The investigating police officer testified that he had no way of knowing if appellant had participated in the original car burglaries, but the jury convicted her of theft of the one GPS

---

case. *See Randolph v. State,* 353 S.W.3d 887, 895 n. 32 (Tex. Crim. App. 2011) ("The prudent jurist will typically decide cases on the narrowest, surest ground available, leaving tougher calls, with broader implications, for future cases that squarely present them.") (internal quotations omitted).

device and the one iPod that she had pawned.

The trial judge sentenced her to six months in jail and a $200 fine for each case and probated both the fine and jail time.[5] The parties then discussed restitution for the victims' unrecovered stolen items. The victims' trial testimony had been that Mr. Blair's missing items had a total value of $415, and Mr. McCoy's missing items were valued at about $800. The prosecutor noted that "I do think there's the issue of restitution to be addressed and with that, plus court costs. I agree that the defendant may have limited means and a fine may be overly punitive." The prosecutor later said,

> The item for which she was charged [Mr. Blair] has suffered no loss for, because apparently he got it back in working order. I'm simply asking the Court, in light of the circumstances, to give this man some reimbursement for all these other things he lost in the same burglary that this defendant was apparently somehow involved with. It's entirely up to the Court's discretion to proceed, but I feel I ought to ask for that.

And the prosecutor then explained that the other victim was out a total of $800. There was a back-and-forth discussion of precisely how much the total restitution should be, along with clarification questions by defense counsel on decreasing the fines and probating them. He never objected to (1) the imposition of restitution for the victims' other missing items that were not mentioned in the information; or (2) the factual basis (the sufficiency of the evidence) to support the specific amount of restitution. Appellant then explicitly agreed on

---

[5] The trial judge had originally set appellant's fine at $500 for each conviction and did not probate it. When the parties began discussing restitution and appellant's difficult financial situation, the judge decreased the total fine from $1,000 to $400, and probated it, to make it easier for appellant to pay restitution to the burglary victims.

the record to the terms of her probation and restitution.[6]

## II.

On appeal, appellant argued that she could not be ordered to pay restitution for stolen items that were not listed in the information. She had not been charged with stealing these items, and she was not charged with the original burglary. Indeed, that was true, and appellant did have at least a plausible complaint that restitution was not available for losses that were not the result of her criminal conviction for theft.[7]

But appellant not only failed to object at trial, she explicitly agreed to precisely these

---

[6] Appellant did not, at first, fully understand the monetary payments she would have to make–restitution of $1,250 and her attorney's fee of $750–while on probation. When the trial judge asked her if she could comply with the terms and conditions of her probation, she said,

| | |
|---|---|
| Appellant: | I have to pay a $2,000-dollar fine? I don't work. |
| Court: | No fine. |
| Appellant: | No fine? |
| Court: | But reimburse the two complaining witnesses and the State–rather the County of Brazos for your attorney's fees. |
| Appellant: | Okay. |
| Court: | And that was a total of $2,000. I reduced–because of the restitution, I reduced the fine in each of the two cases from $500 to $200. |
| Appellant: | Okay. |
| Court: | You don't have to pay that unless you fail to abide by the conditions of probation– |
| Appellant: | Okay. |
| Court | –and the probation is revoked. |
| Appellant: | I understand. |

[7] Neither appellant nor the court of appeals had the benefit of our opinion in *Hanna v. State*, 426 S.W.3d 87 (Tex. Crim. App. 2014), in which we held that restitution is available for victims who are not named in the indictment as long as their losses were a direct result of the defendant's criminal offense of conviction. If appellant's claim had been properly preserved at trial, we could have remanded this case to the court of appeals in light of *Hanna*, but that is unnecessary under the present circumstances.

restitution terms. And that was a wise decision. The trial judge was originally going to fine her a total of $1,000, payable immediately, as part of her punishment. But because it was more important that the victims be made whole than that the county receive fine money, the judge reduced the fines to a total of $400 and probated them such that she would never have to pay them if she successfully completed her probation. Although the total amount of money she had to pay as restitution was $200 more than the original fines, she could pay that out over the year-long probation, rather than immediately. The experienced trial judge went out of his way to be scrupulously fair to appellant because of her limited resources.

I agree with the majority that, having explicitly accepted this term of probation, appellant (1) forfeited her right to make any claim on appeal concerning its appropriateness by failing to object in the trial court[8] and (2) is estopped from complaining about the exchange of the $1,000 fine for $1,200 in restitution because she obtained a benefit from that agreement, namely, not being liable for any fine at all if she paid the restitution over the one-year term of her probation.

Appellant did not make a sufficiency-of-the-evidence claim on appeal, and indeed

---

[8] *See Speth v. State*, 6 S.W.3d 530, 534-35 (Tex. Crim. App. 1999) (a defendant affirmatively waives even unreasonable conditions by entering into a probation contract containing such terms, without objection; noting that a "trial objection allows the trial court the opportunity to either risk abusing his discretion by imposing the condition over objection or reconsider the desirability of the contract without the objectionable condition."). The purportedly "unreasonable condition" that appellant agreed to was the payment of restitution to the victims for stolen items for which she was not convicted. That is a claim distinct from one that says "I agreed to pay restitution for stolen items for which I was not convicted, but the prosecutor [or judge, or victims] just made up monetary amounts from thin air. There is no factual basis in the record for the *amount* of restitution." That is a sufficiency claim.

there is ample testimony in the record to support the amount of restitution ordered.  She claimed that ordering her to pay any restitution at all was unauthorized.  That claim was clearly and explicitly forfeited by her failure to object in the trial court.  I would not go further and decide issues that are unnecessary to the disposition of this case or make artificial distinctions in preservation requirements for probationers and prisoners.

I therefore concur in the judgment of the Court.

Filed: October 1, 2014
Publish