

## NUMBER 13-18-00357-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JULIE ANN BELL,                                                                  Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

### On appeal from the 36th District Court
### of San Patricio County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Julie Ann Bell appeals the trial court's judgment revoking her community supervision and adjudicating her guilty of two counts of aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03. The trial court sentenced Bell to concurrent twenty-year prison terms in the Texas Department of Criminal Justice–Institutional Division. In two issues, Bell argues that: (1) her sentence was grossly disproportionate

to the offense in violation of the United States and Texas Constitutions; and (2) the statute foreclosing regular probation for those pleading guilty to aggravated robbery is unconstitutional.   We affirm.

## I. BACKGROUND

Pursuant to a plea bargain agreement with the State, Bell pleaded guilty to two counts of aggravated robbery with a deadly weapon.   *See id*.   The trial court deferred adjudication, placed Bell on community supervision for ten years, and assessed fines and restitution.   The State later filed three motions to revoke community supervision and adjudicate guilt.   Following each motion, the trial court amended the conditions of Bell's community supervision, and the State's motions were dismissed.

The State filed a fourth motion to revoke community supervision and adjudicate guilt alleging that Bell violated her probation conditions by:   committing the offense of driving while intoxicated; committing the offense of possessing cocaine; consuming alcohol; associating with a known felon; violating curfew; failing to report an arrest; and failing to pay restitution, fines, and fees.   The trial court held a hearing on the State's motion, at which the State withdrew the cocaine allegation and Bell pleaded true to having committed the remaining violations.   The trial court accepted Bell's plea of true and admitted the following exhibits:   a stipulation and waiver of presentence report, a stipulation of judicial confession regarding violations of community supervision, and a revocation report.   Bell and the State then jointly recommended a sentence of six years' imprisonment on both aggravated robbery counts.

2

The trial court found the alleged violations to be true, adjudicated Bell guilty of both counts, and assessed concurrent twenty-year sentences.[1]  This appeal ensued.

## II.    CRUEL AND UNUSUAL PUNISHMENT

By her first issue, Bell argues that her sentence constitutes cruel and unusual punishment in violation of the United States and Texas Constitutions.   Specifically, Bell maintains that her sentence is grossly disproportionate to the convicted offenses.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted."   *See* U.S. CONST. amend. VIII.   The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment.   *See id*. amend. XIV. The Texas Constitution similarly prohibits "cruel or unusual punishment[.]"   TEX. CONST. art. I, § 13.   Yet, it is possible for this right, and every constitutional or statutory right, to be waived by a "failure to object."   *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

Generally, to preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a).   Additionally, when the sentence imposed is within the punishment range and not illegal, the failure to specifically object to an alleged disproportionate sentence in open court or in a post-trial motion waives any error on appeal.   *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.]

---

[1] Bell filed a motion to reconsider sentence.   She maintains that the trial court denied her motion following a hearing.   However, the reporter's record for the hearing and the order denying the motion do not appear in the appellate record.

2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–29 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (concluding that failure to object to the sentence as cruel and unusual forfeits error); *see also* TEX. R. APP. P. 33.1(a).

Bell complains for the first time on appeal that her constitutional rights have been violated because the sentences imposed by the trial court were cruel, unusual, and grossly disproportionate to the offense committed. The record reveals, however, that Bell did not object to the sentences in open court or in any post-trial motion.[2] We further note that the sentences fall near the lower end of the punishment range for a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.32(a) (providing that a first-degree felony has a punishment range of life or between five and ninety-nine years' imprisonment). A punishment falling within the limits prescribed by a valid statute is not per se excessive, cruel, or unusual. *Trevino*, 174 S.W.3d at 928. We conclude that Bell's constitutional challenge to her sentence, which is not per se excessive, has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151; *Trevino*, 174 S.W.3d at 928. We overrule Bell's first issue.

### III.    CONSTITUTIONAL CHALLENGE TO STATUTE

By her second issue, Bell argues that Texas Code of Criminal Procedure Article 42A.054 is unconstitutional.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054.

---

[2] As noted above, Bell filed a motion to reconsider sentence. However, she did not argue in that motion that her sentence was cruel and unusual or otherwise unconstitutional.

[3] Bell cites to Texas Code of Criminal Procedure Article 42.12, § 3g. The statute has been re-codified as Texas Code of Criminal Procedure Article 42A.054. *See* Act of June 17, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–65 (codified at TEX. CODE CRIM. PROC. ANN. art. 42A.054); *see also Wade v. State*, Nos. 03-17-00567-CR, 03-17-00568-CR, 2018 WL 1802687, at *1 n.1 (Tex. App.—Austin Apr. 17, 2018, pet. ref'd) (mem. op., not designated for publication) (explaining that Article 42.12 of the code of criminal procedure was re-codified as chapter 42A effective January 1, 2017).

Specifically, Bell maintains that the statute violates the Fourteenth Amendment's Equal Protection Clause because it prohibits those who have pleaded guilty to aggravated robbery from receiving "straight probation."[4]   *See* U.S. CONST. amend XIV, § 1 ("No State shall . . . deny to any person within its jurisdiction the equal protection of the laws.").

Like her first issue, Bell failed to raise a constitutional challenge in the trial court. A challenge to the constitutionality of a statute is subject to the general requirement that a party preserve error by a timely request, objection, or motion in the trial court.   TEX. R. APP. 33.1(a); *Karenev v. State*, 281 S.W.3d 428, 432–34 (Tex. Crim. App. 2009); *see Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014) (explaining that both facial and "as applied" challenges must be raised in the trial court in order to preserve error).   Having failed to raise the constitutional challenge in the trial court, Bell has not preserved the issue for appeal.   *See Flores v. State*, 245 S.W.3d 432, 437 n. 14 (Tex. Crim. App. 2008) (concluding that appellant waived equal protection claim when he neglected to raise issue at trial); *Steadman v. State*, 31 S.W.3d 738, 742 (Tex. App.— Houston [1st Dist.] 2000, pet. ref'd) (concluding that defendant's equal protection challenge to former Article 42.12 was not preserved when it was not raised in the trial court).   In any event, we note that Texas courts have routinely rejected equal protection challenges similar to that urged by Bell.   *See Lawton v. State*, 913 S.W.2d 542, 560 (Tex.

---

[4] Bell also argues that Texas Code of Criminal Procedure article 42.12, § 59(b) violates the Equal Protection Clause because it denies the right to appeal the revocation of community supervision to those who have been placed on deferred-adjudication community supervision.   However, the legislature amended the relevant statute in 2007 to allow appeals in deferred-adjudication cases in the same manner as in cases in which the trial court found the defendant guilty (adjudicated cases), placed the defendant on probation (regular probation), and later revoked that probation.   *See* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397 (currently codified at TEX. CODE CRIM. PROC. ANN. art. 42A.108).

5

Crim. App. 1995) (concluding that there was no equal protection violation where those committing the same offense on the same day were subject to the same statutory scheme); *Rangel v. State*, 486 S.W.2d 307, 308 (Tex. Crim. App. 1972) (holding that statute restricting probation eligibility for certain offenses did not violate the equal protection clause); *Rojo v. State*, 629 S.W.2d 88, 91 (Tex. App.—Dallas 1981, no pet.) (concluding that statute denying regular probation eligibility to those committing an offense with a deadly weapon did not violate the equal protection clause); *Rivas v. State*, 627 S.W.2d 494, 496 (Tex. App.—San Antonio 1981, pet. ref'd) (concluding that statute prohibiting regular probation for an aggravated robbery conviction did not violate the equal protection clause); *see also Sanchez v. State*, No. 13-16-00500-CR, 2018 WL 2979827, at *2 (Tex. App.—Corpus Christi–Edinburg June 14, 2018, pet. ref'd) (mem. op., not designated for publication) (rejecting argument that Article 42A.054 violated the equal protection clause). We overrule Bell's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of August, 2019.