

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00033-CR

Ernest Jurl **HERT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court, Atascosa County, Texas
Trial Court No. 33663
Honorable Lynn Ellison, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: September 4, 2019

AFFIRMED

A jury convicted appellant Ernest Jurl Hert ("Hert") of making a terroristic threat, and the trial court sentenced him to confinement for one year, suspended the one-year sentence, and placed Hert on community supervision for two years. The trial court's judgment also required Hert to serve thirty days in county jail as a condition of probation. In a single issue on appeal, Hert argues the trial court erred by permitting a witness to testify during the punishment phase of trial regarding the punishment Hert should receive. The State did not file a responsive brief. We affirm the trial court's judgment.

**Background**

On August 14, 2016, during a verbal altercation, Hert told his ex-wife: "[T]here was no way that [she] was leaving the room with his kids. The only way that [she] would leave that place was cut up in the backyard and be six feet under." After a jury found Hert guilty of making a terroristic threat, Hert elected to have the trial court assess his punishment.

During the punishment phase of trial, Hert's probation officer testified she made multiple attempts to contact Hert, but Hert did not answer her calls and did not contact her directly to schedule an interview. The prosecutor asked the probation officer whether, as a consequence of being unable to interview Hert, she had a recommendation with respect to Hert's sentence. The probation officer responded: "Yes. I do have a recommendation and the recommendation is that he be sentenced to the Atascosa County jail for time to be deemed appropriate by the Court." The probation officer explained she did not recommend probation because "[o]ur department feels that if [Hert] cannot report for an interview we don't know how he can report for probation." Hert's trial counsel did not object to this testimony.

At the conclusion of the punishment phase, Hert's trial counsel requested that Hert be sentenced to community supervision, and the prosecutor recommended the trial court sentence Hert to two years' community supervision and a fine. The trial court placed Hert on community supervision for two years and ordered that he serve thirty days in county jail as a condition of his community supervision.

**Discussion**

In a single issue, Hert argues the trial court erred in permitting the probation officer to make a recommendation regarding sentencing during the punishment phase of trial. We first consider whether Hert preserved this issue for our review. To preserve error regarding the admission of evidence, a trial objection is required. TEX. R. APP. P. 33.l(a)(l); *Ford v. State*, 305

S.W.3d 530, 532 (Tex. Crim. App. 2009). We may not address the merits of an issue that has not been properly preserved. *Ford*, 305 S.W.3d at 532.

Hert acknowledges he failed to raise a timely objection to the probation officer's testimony. But, citing a footnote in *Ivey v. State*, 277 S.W.3d 43 (Tex. Crim. App. 2009), Hert argues a timely objection is not required because his dissatisfaction with his sentence is noted on the record. Unlike this case, however, *Ivey* did not involve failure to preserve a complaint regarding the admission of evidence. Rather, the question in *Ivey* was whether Texas Code of Criminal Procedure article 42.12 confers upon a defendant a right to deliberately render oneself ineligible to be placed on community supervision. *Id.* at 44. Although the appellant in that case did not promptly object to his sentence, the court of criminal appeals noted there was no procedural default because the record amply demonstrated the appellant objected to community supervision. *Id* at 45 n.5. We disagree that *Ivey* is applicable to this case.

Alternatively, Hert argues his issue is not waived because the fundamental error doctrine applies. Under this "rarely applied" doctrine, we may take notice of fundamental errors affecting substantial rights even if those errors were not preserved at trial. TEX. R. EVID. 103(e); *Smith v. State*, 961 S.W.2d 501, 505 (Tex. App.—San Antonio 1997, no pet.). If the trial court errs in admitting evidence, the error is "fundamental" only if it caused the defendant to receive a fundamentally unfair trial. *Smith*, 961 S.W.2d at 505–06. Hert does not cite and we are not aware of any authority supporting his argument that erroneous admission of a probation officer's recommendation regarding sentencing is a fundamental error affecting substantial rights or raising a serious question of fairness or due process. Accordingly, we conclude the fundamental error doctrine does not apply here.

Because Hert failed to preserve his sole appellate issue, it is overruled.

## Conclusion

Having overruled Hert's sole issue on appeal, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH