**Ex parte Paul Lanier WOODWARD, Jr.**

**No. 67931.**

Court of Criminal Appeals of Texas, Panel No. 2.

July 22, 1981.

Richard Banks, Austin, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, CLINTON and TEAGUE, JJ.

OPINION

ODOM, Judge.

This cause reaches this Court in the form of a habeas corpus appeal. We dismiss the cause for lack of jurisdiction in the trial court.

Petitioner has alleged that he is confined in the Texas Department of Corrections pursuant to a parole revocation following conviction and release on parole under a judgment in the 7th Judicial District Court of Smith County. He has pursued habeas corpus relief in the 167th Judicial District Court of Travis County. He argues that his attack on the parole revocation proceeding is not a post-conviction habeas corpus petition governed by Art. 11.07, V.A.C.C.P. He contends that his situation is analogous to writ applications authorized by Art. 11.06, V.A.C.C.P., for the pre-indictment situation.

His attempt to distinguish his situation from the post-conviction situation under Art. 11.07, Sec. 2, supra, is not persuasive. Although his challenge is not addressed to the validity of the underlying conviction, it is nevertheless the case that his confinement is under authority of that conviction. Other post-conviction attacks have proceeded under Art. 11.07, Sec. 2, supra, even though the validity of the conviction was not at issue. E. g., *Ex parte Chamberlain*, Tex.Cr.App., 586 S.W.2d 547; *Ex parte Tarlton*, Tex.Cr.App., 582 S.W.2d 155; *Ex parte Newell*, Tex.Cr.App., 582 S.W.2d 835. The writ application in this case should have proceeded under that same provision. The District Court in Travis County, not being the court of conviction, did not have jurisdiction to entertain the application.

The order denying relief is set aside and the appeal is ordered dismissed.

TEAGUE, J., dissents.