Ex parte Ricky Dean ALEXANDER.

No. 71743.

Court of Criminal Appeals of Texas, En Banc.

Sept. 29, 1993.

Ricky Dean Alexander, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Applicant was convicted of robbery in Cause No. 23,288–A in Wichita County and was sentenced to twelve years confinement in the penitentiary in 1986. He was released to mandatory supervision in January 1990. *See* TEX.CODE CRIM.PROC. art. 42.18, § 8(c) (Vernon 1986) Later in 1990, he was convicted of subsequent robbery in Wichita County, sentenced to eight years confinement, and returned to the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID). The 1990 sentence was to be served concurrently with the balance of the 1986 sentence. In this application, applicant challenges the authority of TDCJ–ID to deny him release to mandatory supervision on his 1986 conviction. *See* TEX.CODE CRIM.PROC. art. 42.18, § 8(c)(10) (Vernon 1990).

The importance of this case, however, is not limited to the merits of the application presented. The immediate question pertains to the county in which the application was filed. Although applicant was convicted in Wichita County, he filed this pro se application with the District Clerk in Grimes County, the county in which he is presently confined in a TDCJ–ID unit. Applicant filed this application pursuant to the authority of "Article 11.01, *et seq.*". When the applicant challenges the validity of a final conviction for a felony offense while he is confined, Art. 11.07, § 2 governs and, according to Art. 11.07, § 3, is the exclusive procedure.[1] Yet, Section 2 does not require that an application be filed in any particular county. Whether an application for a post-conviction writ of habeas corpus may be presented to the district clerk in the county where the applicant is confined, as opposed to the district clerk in the county where the conviction was entered,

is an issue answered by a plain reading of Art. 11.07, § 2.

Section 2(b) specifically states that "[W]henever a petition for writ of habeas corpus is filed after final conviction in a felony case, the clerk shall transfer or assign it to the court in which the conviction being challenged was obtained."

When the petition is received by *that* court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law. (emphasis added)

■ This passage refers only to district clerks. Since the district clerk is the clerk for a specific *county*, he or she is the clerk of the court for all the district courts in that county. Accordingly, the only reasonable interpretation of this portion of Section 2 is that when an application is presented to the district clerk of the county in which the challenged conviction was entered, the clerk shall *assign* the application to the appropriate district court. On the other hand, when an application is presented to a district clerk in a county in which the challenged conviction was not entered, the clerk shall *transfer* the application to the court in which the challenged conviction was obtained.

■ In *Ex parte Brager,* 704 S.W.2d 46 (Tex.Crim.App.1986), the Court stated in dicta in a footnote that an application under Art. 11.07 which is not presented to the district clerk in the county in which the conviction is entered should be dismissed for lack of jurisdiction. This Court is not bound by dicta found in footnotes. *Young v. State,* 826 S.W.2d 141 (Tex.Crim.App.1991). Because of our interpretation today of Art. 11.07, § 2, we specifically disavow the dicta of *Brager.*

■ We therefore hold that a petition for writ of habeas corpus filed in a court other than the convicting court will not be dismissed for lack of jurisdiction but, rather, remanded to the court in which it was filed, with instructions that the district clerk of

---

1. Article 11.07, § 2, however, is not the exclusive vehicle by which to challenge a final felony conviction. That section applies only where the applicant is *confined*. In *Ex parte Renier,* 734 S.W.2d 349 (Tex.Crim.App.1987), this Court held

that where applicant is not confined, constitutional and statutory provisions combine to provide procedures for relief from a conviction producing collateral legal consequences. *See Id.* at 353; Art. V., § 8, Tex. Const.

that county transfer the writ to the court of conviction. Preferably, this transfer should take place at the time of the initial filing of the writ. Thus, as in the instant case, when the district clerk of one county is presented with an application challenging the legality of confinement under the authority of a conviction entered in another county, that clerk should *transfer* the application to the court that entered the conviction.[2] Such procedure would adhere to 'the directive of the statute while preventing any needless delay which would be inevitable should a remand have to be issued.

■ According to this procedure, the District Clerk of Grimes County should have transferred the application to the District Clerk in Wichita County. That District Clerk would have then prepared a transcript as required by either Section 2(c) or Section 2(d) of Art. 11.07. The instant application, however, challenges procedures utilized by TDCJ–ID; hence, the transcript received from Grimes County is no different from the one which would have been received from Wichita County. Therefore, in the instant case, rather than remand the cause to Grimes County for transfer to Wichita County and subsequent forwarding back to this Court, we shall, for the sake of judicial economy, address the merits of the claim presented in this application.

Applicant alleges that TDCJ–ID is not properly calculating his time. He claims that because there were more than eight years remaining on his 1986 conviction when he received the eight year sentence and was returned to TDCJ–ID in 1990, his release date should be calculated by the greater sentence.[3] The 1986 conviction is governed by previous Art. 42.18, § 8(c), which required release to mandatory supervision[4] upon the accrual of certain time credits for all inmates except those under a sentence of death.[5] The 1990 conviction, however, is governed by an amended version of that same article (which is the same as the current version), which prohibits release to mandatory supervision when one has been convicted of certain enumerated offenses, among them being robbery, the offense for which applicant was convicted in 1990.[6]

■ If TDCJ–ID were to calculate applicant's release date based on the 1986 version of Art. 42.18, § 8(c), he should have already been released under mandatory supervision. On the other hand, if applicant's release date is based on the law in effect when he was assessed eight years confinement for robbery in 1990, his release to mandatory supervision

2. This may be done by simply placing the application in an envelope and mailing it to the district clerk of the convicting county. Should the clerk be unable, after investigation, to determine the county in which the complained of conviction was entered, the clerk shall forward a transcript as required by Art. 11.07, § 2(c) to this Court. Such transcript need only include the application and a certificate from the clerk that he or she cannot determine the county in which the challenged conviction was entered.

3. In his application, applicant asserts he had the remainder of eight years and twenty-five days to complete in Cause No. 23,288–A when he was released to mandatory supervision. Thereafter, applicant was convicted and sentenced to eight years confinement to run concurrently with his previous sentence. Applicant asserts the first sentence is the greater sentence by twenty-five days.

4. In 1986, Art. 42.18, § 2(b) defined "mandatory supervision" as:
[T]he release of an eligible prisoner from the physical custody of the institutional division but not on parole, to serve the remainder of his sentence under the supervision and control of the pardons and paroles division. Mandatory supervision may not be construed as a commutation of sentence or any other form of executive clemency.
The term has the same definition in the current code under Art. 42.18, § 2(2).

5. Article 42.18, § 8(c) then read, in pertinent part:
A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.

6. The relevant portion of Art. 42.18, § 8(c), provides:
A prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for . . .

\*　　\*　　\*　　\*　　\*　　\*

(10) a second degree felony under Section 29.-02, Penal Code (Robbery)[.]

is prohibited by the application of the that version of Art. 42.18, § 8(c), via subdivision (10). Thus, he will not be released until the Board of Pardons and Paroles deems him eligible for parole or until he serves his entire sentence. This situation is analogous to that where the applicant has two convictions pending and is (or should be) discharged on the first conviction before he is entitled to be released on the second. The fact that the later sentence is still pending when he should have been released is simply a function of the law in effect when the offenses were committed. Common sense dictates that when a person is convicted of a subsequent offense, he may not be released any earlier than the date appropriate for the subsequent offense.

Applicant received proper treatment of his sentences by TDCJ–ID. Accordingly, all relief is summarily denied.

CLINTON, J., dissents. *See Ex parte Young,* 418 S.W.2d 824, 829 (Tex.Crim.App. 1967) (applicant required to first petition judge of court where convicted).

OVERSTREET, J., dissents.

WHITE, J., not participating.

McCORMICK, Presiding Judge, dissenting.

I respectfully dissent to the majority's holding that failure to file a petition for writ of habeas corpus with the district clerk in the county of the convicting court will not result in the dismissal of the petition for lack of jurisdiction. The majority bases this holding upon a "plain reading" of Article 11.07, Section 2, V.A.C.C.P. However, my reading of the statute requires the clerk to "transfer or assign" the habeas corpus petition to the convicting court only after the petition has been filed with the district clerk in the county of the convicting court.

In addition, we have already decided this issue. We previously have interpreted Article 11.07, Section 2, as requiring the habeas corpus petition to be filed with the district clerk in the county of the convicting court. *Ex parte Brager,* 704 S.W.2d 46 (Tex.Cr.App. 1986); *Ex parte Woodward,* 619 S.W.2d 179 (Tex.Cr.App.1981). If this interpretation

was unacceptable to the Legislature, it could have amended the statute, which it has not done. *See Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182, 185–86 (Tex.1968). I would follow our previous interpretation of Article 11.07, Section 2. *See id.* (in the area of statutory construction, the doctrine of *stare decisis* has its greatest force).

The majority disavows *Brager, supra,* and *Woodward,* supra, without really explaining why. Under these circumstances, "our voice becomes only a voice of power, not of reason." *See Mapp v. Ohio,* 367 U.S. 643, 686, 81 S.Ct. 1684, 1708, 6 L.Ed.2d 1081 (1961) (Harlan, J., dissenting).

Finally, the majority ignores the unreasonable burden which will be placed on the district clerks of small counties with a large number of prisons. These district clerks will now be required to determine in which of the 254 counties in Texas the applicant was convicted and then forward all of these petitions to the district clerk where it should have originally been filed. With the same liberal reading of Section 2(b), one could just as easily assume "clerk" in Section 2(b) means municipal clerks, county clerks, district clerks, and appeals court clerks. Did the Legislature intend for each of these clerks to be required to transfer petitions for writs of habeas corpus all around the State?

By acting as a legislature, the majority places an undue and unnecessary burden on the district clerks of this State. Such judicial activism should not be tolerated, and I am sure the counties adversely affected by such holding will be before the proper legislature at its next session to undo this Court's handiwork.

For the foregoing reasons, I would dismiss the habeas corpus petition for lack of jurisdiction in the trial court.