IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. AP-74,950






EX PARTE DAVID MAX BURGESS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY







 Hervey, J., delivered the opinion of the Court in which Keller, PJ.,
Meyers, Price, Womack, Keasler, Holcomb and Cochran, JJ., joined. Johnson, J.,
concurred.



OPINION 



 Applicant was convicted of aggravated robbery in the 90th District Court of Stephens County,
where his deferred-adjudication community supervision for that offense had been transferred from
the 194th District Court of Dallas County. See Article 42.12, § 10(b), Tex. Code Crim. Proc. 
Applicant filed an Article 11.07, Tex. Code Crim. Proc., habeas corpus application with the Dallas
County District Clerk for assignment to the 194th District Court of Dallas County, which
recommended that habeas corpus relief be denied based on its findings of fact and conclusions of
law. The Dallas County District Clerk forwarded the habeas record to this Court. (1) We filed and set
this case to address the procedure to follow when, as here, an applicant files an Article 11.07 habeas
corpus application with the district clerk of a county other than the county of conviction. We will
dismiss applicant's writ of habeas corpus.

 This Court last addressed the issue in Ex parte Alexander, 861 S.W.2d 921 (Tex.Cr.App.
1993). At that time, former Article 11.07, Section 2(b), (2) in relevant part, stated:

 [W]henever a petition for writ of habeas corpus is filed after final conviction in a
felony case, the clerk shall transfer or assign it to the court in which the conviction
being challenged was obtained.


(Emphasis supplied).

 Alexander decided that this passage referred to a district clerk of a specific county and that
this district clerk "is the clerk of the court for all the district courts in that county." Alexander, 861
S.W.2d at 922. Alexander also decided that, under a "plain reading" of Section 2, "when an
application is presented to a district clerk in a county in which the challenged conviction was not
entered, the clerk shall transfer the application to the court in which the challenged conviction was
obtained." Id. (emphasis in original). (3)


 In 1999, the Legislature amended this portion of Article 11.07 to delete the "transfer"
language. (4) Current Article 11.07, Section 3(b), (which, at the time of Alexander, was section 2(b)),
in relevant part, states:

 An application for writ of habeas corpus filed after final conviction in a felony case
. . . must be filed with the clerk of the court in which the conviction being challenged
was obtained, and the clerk shall assign the application to that court.


(Emphasis supplied).


 A "plain reading" of Section 3(b) bespeaks a legislative intent to no longer require a district
clerk to transfer an Article 11.07 habeas corpus application "to the court in which the challenged
conviction was obtained" when the application "is presented to a district clerk in a county in which
the challenged conviction was not entered." Section 3(b) left intact the other holding in Alexander
that "when an application is presented to the district clerk of the county in which the challenged
conviction was entered, the clerk shall assign the application to the appropriate court." Alexander,
861 S.W.2d at 922 (emphasis in original).

 The Legislature accomplished this by deleting the "transfer" language and retaining the
"assign" language from former Article 11.07, Section 2(b). Any other interpretation of Section 3(b),
would render the 1999 legislative amendment to Article 11.07 meaningless. See Ex parte Trahan,
591 S.W.2d 837, 842 (Tex.Cr.App. 1979) (in construing a statutory amendment, courts must
presume that the Legislature intended to change the law, and courts should construe the amendment
in a way that gives effect to the change rather than in a way that renders the amendment useless).


 We dismiss applicant's habeas corpus application.


 Hervey, J.


Delivered: December 15, 2004

Publish

1. Applicant filed an earlier Article 11.07 habeas corpus application in Dallas County. The
Dallas County District Clerk forwarded that application to this Court, which dismissed the
application without stating the reasons for doing so. 
2. See Act of June 16, 1977, 65th Leg., R.S., ch. 789, § 1, 1977 Tex. Gen. Laws 1974.
3. Alexander also decided that "when an application is presented to the district clerk of the
county in which the challenged conviction was entered, the clerk shall assign the application to the
appropriate district court." Alexander, 861 S.W.2d at 922 (emphasis in original).
4. See Act of June 18, 1999, 76th Leg., R.S., ch. 580, § 2, 1999 Tex. Gen. Laws 3119, 3120.