

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0552-08

**MARK WILLIAM IVEY, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRD COURT OF APPEALS
## TRAVIS COUNTY

KELLER, P.J., filed a dissenting opinion in which HOLCOMB and COCHRAN, JJ., joined.

A defendant has an unambiguous statutory right to elect who will assess punishment, which is not overridden by the community supervision statute. I would therefore reverse the judgment of the court of appeals.

Under *Boykin v. State*, this Court must construe a statute in accordance with the plain meaning of its text, unless the statutory language is ambiguous or the plain meaning leads to absurd results that the Legislature could not have possibly intended.[1] The portion of the community

---

[1] 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

supervision statute at issue here provides:

> A judge, in the best interest of justice, the public, and the defendant, after conviction or a plea of guilty or nolo contendere, may suspend the imposition of the sentence and place the defendant on community supervision or impose a fine applicable to the offense and place the defendant on community supervision.[2]

This provision is contained within a larger section addressing judge-ordered community supervision.[3] In addition to the authorization paragraph quoted above, the section describes the minimum and maximum time periods for which community supervision may be imposed and limitations on the ability to impose community supervision.[4] A later section addressing jury-recommended community supervision is parallel in structure.[5] These provisions address the general authority of a judge or jury with respect to the issue of assessing community supervision, but they do not purport to address when a judge or jury becomes the decision-maker with respect to that issue.

The "when" is addressed by another statute, which confers upon the defendant a right to a jury trial:

> Except as provided by Article 37.071 or 37.072, if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend community supervision and the defendant filed his sworn motion for community supervision before the trial began, and (2) in other cases where the defendant so elects in writing before the commencement of the voir dire examination of the jury panel, the punishment shall be assessed by the same jury, except as provided in Section 3(c) of this article and in Article 44.29. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his

---

[2] Tex. Code Crim. Proc. art. 42.12, §3(a).

[3] *See id.*, art. 42.12, §3.

[4] *Id.*, art. 42.12, §3(b)-(h). Further limitations on judge-ordered community supervision are imposed in §3g.

[5] *Id.*, art. 42.12, §4.

election of one who assesses the punishment.[6]

By unambiguous statutory dictate, a defendant has the right to elect which entity (judge or jury) assesses punishment. The fact that community supervision is part of "punishment" is obvious from the statute's treatment of a defendant's sworn, pretrial motion for community supervision as a request that punishment be assessed by the jury.[7] A trial judge who imposes community supervision contrary to a jury's punishment verdict, and against a defendant's wishes, has illegally overriden the defendant's punishment election.

Moreover, the State can prevent a defendant from changing his punishment election after a guilty verdict. Even if a defendant agreed to a judge imposing probation contrary to the jury's verdict, a judge has no authority to do so without the State's consent.

The Court says that the Legislature could qualify the statutory right to a jury trial by enacting pertinent provisions in the community supervision statute that allow a judge to suspend a jury's sentence and impose community supervision.[8] That is true, but legislative silence within the community supervision statute does not constitute such an enactment. Though a qualification on the defendant's right to a jury trial that permitted a trial judge to assess community supervision used to exist, that is a matter of legislative history that we do not even consider unless we first find an ambiguity in the language of the pertinent statutory provisions. Because there is no ambiguity when the relevant community supervision provisions are read together with the punishment-election

---

[6] *Id.*, art. 37.07, §2(b).

[7] The Court's contention that community supervision is not a "sentence," Court's op. at 7, is irrelevant here because the punishment-election statute uses the broader term "punishment" and by its own language contemplates that "punishment" includes community supervision.

[8] Court's op. at 7 ("what the Legislature giveth, the Legislature may taketh away").

provision, and such a reading does not lead to absurd results, there is no occasion to consider historical developments.[9]

In the present case, appellant elected to have the jury assess punishment. The trial judge's act of imposing community supervision was contrary to that election and therefore contrary to the law.

I respectfully dissent.

Filed: February 11, 2009
Publish

---

[9] Ordinarily, the fact that a provision was deleted is evidence that the Legislature intended to repeal the rule prescribed therein. *Ex parte Burgess*, 152 S.W.3d 123, 124 (Tex. Crim. App. 2004)("transfer" language deleted from habeas statute). Even assuming that the Court is correct that other factors the Court analyzes show that the Legislature did not in fact intend to change the law, we must still give effect to a substantive revision that by its language changes the law, even if that was not the Legislature's intent. *Getts v. State*, 155 S.W.3d 153, 158 (Tex. Crim. App. 2005)(DWI statute).