Damien Lamont HENDERSON,
Appellant

v.

The STATE of Texas, Appellee

NO. 01-16-00729-CR

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued August 17, 2017.

Discretionary Review Refused
November 1, 2017

Nicholas Mensch, Assistant Public Defender, Harris County, Texas, 1201 Franklin, 13th Floor, Houston, TX 77002, for Appellant.

Kim Ogg, District Attorney, Kimberly Aperauch Stelter, Assistant District Attorney, Harris County, Texas, 1201 Franklin, Suite 600, Houston, TX 77002, for Appellee.

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

## OPINION ON REHEARING

Russell Lloyd, Justice

Appellant, Damien Lamont Henderson, moved for rehearing of our June 29, 2017 opinion. We deny the motion for rehearing, withdraw our opinion and judgment, and issue this opinion and judgment in their stead. The disposition remains unchanged.

Appellant was found guilty of felony murder and the trial court assessed his punishment at life imprisonment. In a single issue, appellant argues that the trial court's judgment is void because no trial court ever acquired jurisdiction over him. We affirm.

## Background

Appellant was indicted for felony murder, with the underlying offense of injury to a child. *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011), § 22.04 (West Supp. 2016). The indictment, identified as cause number 1426434, was delivered to the Harris County District Clerk, and filed in the county's 177th District Court. The indictment reflects that it was issued by "[t]he duly organized Grand Jury of Harris County, Texas" and signed by the "Foreman of the Grand Jury." Above the foreman's signature is a stamp, "Foreman 182nd."

The trial court proceedings were conducted in the 177th District Court. After a bench trial before the 177th District Court, the court convicted appellant of murdering his girlfriend's thirteen-month old son, as alleged in the indictment, and assessed his punishment at life imprisonment.

## Discussion

In his sole appellate issue, appellant argues that the district court that tried and convicted him of murder, the 177th District Court, never acquired jurisdiction over him because a grand jury from the 182nd District Court presented the indictment to the 177th District Court. Appellant further contends that the judgment is void because the 177th District Court did not have jurisdiction over him. The State argues that appellant waived this issue because he is challenging a procedural deficiency with respect to the indictment, and therefore, he was required to raise this issue in a timely plea to the jurisdiction in the trial court to preserve this issue for appellate review.

Article V, section 12 of the Texas Constitution defines an indictment as "a written instrument presented to a court by a grand jury charging a person with the commission of an offense." TEX. CONST. art. V, § 12(b). Article 20.21 of the Code of Criminal Procedure, which is entitled "Indictment Presented," provides: "When the indictment is ready to be presented, the grand jury shall through their foreman, deliver the indictment to the judge or clerk of the court." TEX. CODE CRIM. PROC. ANN. art. 20.21 (West 2015). "An indictment is considered as 'presented' when it has been duly acted upon by the grand jury and received by the court." *Id.* art. 12.06. Thus,

presentment occurs when the indictment "is delivered to either 'the judge or clerk of the court.'" *State v. Dotson*, 224 S.W.3d 199, 204 (Tex. Crim. App. 2007). "Once an indictment is presented, jurisdiction vests with the trial court." *Id.* "The fact that a signed indictment features an original file stamp of the district clerk's office is strong evidence that a returned indictment was 'presented' to the court clerk within the meaning of Article 20.21." *Id.* The district clerk in each county "is *the* clerk of the court for all the district courts in that county." *Ex parte Alexander*, 861 S.W.2d 921, 922 (Tex. Crim. App. 1993), *superseded by statute on other grounds as stated in Ex parte Burgess*, 152 S.W.3d 123, 124 (Tex. Crim. App. 2004) (emphasis added).

Criminal district courts have original jurisdiction in felony criminal cases. Tex. Code Crim. Proc. Ann. art. 4.05 (West 2015). In counties having two or more district courts, such as Harris County, "the district judges may adopt rules governing the filing and numbering of cases, the assignment of cases for trial, and the distribution of the work of the courts as in their discretion they consider necessary or desirable for the orderly dispatch of the business of the courts." Tex. Gov't Code Ann. § 24.024 (West Supp. 2016); *see id.* § 74.093 (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases). Therefore, although a specific district court may impanel a grand jury, it does not necessarily follow that all cases returned by that grand jury are assigned to that court. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.— Dallas 2005, pet. ref'd); *see also Tamez v. State*, 27 S.W.3d 668, 675 n.1 (Tex. App.— Waco 2000, pet. ref'd) (noting that "the judges of the Harris County district courts exercising criminal jurisdiction have adopted a procedure by which indictments are filed in each court on a rotating basis

without reference to the court which empaneled the grand jury presenting the indictments").

The 177th and 182nd District Courts are both criminal district courts in Harris County, they share the same court clerk—the Harris County District Clerk— and they have original jurisdiction in felony criminal cases. The record reflects that the indictment against appellant was delivered, or presented, to the Harris County District Clerk, as demonstrated by the clerk's office's original file stamp, and it was filed in the county's 177th District Court. *See Dotson*, 224 S.W.3d at 204. There is record evidence that the indictment was also "presented" to, or received by, the judge of the 177th District Court and acted upon by the grand jury. Specifically, the grand jury foreman signed the indictment and the trial court directed the State to read the indictment to appellant in open court prior to trial, and accepted appellant's "not guilty" plea. Logically, appellant's arraignment in the present case could not have occurred in the 177th District Court if the trial court had not actually received the indictment. *See* Tex. Code Crim. Proc. Ann. art. 12.06 (stating presentment occurs when indictment "has been duly acted upon by the grand jury and received by the court"); *see generally Helsley v. State*, No. 07-15-00350-CR, 2017 WL 931707, at *1 (Tex. App.—Amarillo Mar. 8, 2017, pet. filed) (mem. op., not designated for publication) (noting that "if the indictment were not accepted or received by the trial court, it would seem rather ludicrous for it to ask the defendant to enter a plea to the charges contained therein once read to him in open court"). Furthermore, the indictment properly charged appellant with felony murder, with the underlying offense of injury to a child. The indictment charged a person (appellant) and the commission of an of-

fense (felony murder). *See* Tex. Const. art. V, § 12(b). In light of this evidence of presentment, we hold that any defect in the indictment was not a jurisdictional defect. *See id.; Dotson*, 224 S.W.3d at 204.

 The fact that appellant was indicted by a grand jury impaneled by one court and tried in another court without a motion to transfer the case to the trial court is, at best, a procedural issue. "Any procedural challenge to the transfer of a case within a county is . . . determined and resolved by proper application of local rules promulgated pursuant to constitutional and statutory authority; it is not a jurisdictional defect." *Davis v. State*, 519 S.W.3d 251, 256 (Tex. App.—Houston [1st Dist.] 2017, pet. filed) (citing Tex. Gov. Code Ann. § 74.094; *Bourque*, 156 S.W.3d at 678).

Although jurisdictional defects in indictments may be challenged for the first time on appeal, procedural deficiencies with regard to such indictments may not. *See Cook v. State*, 902 S.W.2d 471, 480 (Tex. Crim. App. 1995); *see also Lemasurier v. State*, 91 S.W.3d 897, 899–900 (Tex. App.—Fort Worth 2002, pet. ref'd) (holding defendant waives error regarding procedural deficiency with indictment by failing to file timely plea to jurisdiction); *Tamez*, 27 S.W.3d at 670–71 (holding defendant waived appellate complaint that indictment was filed in district court other than district court that impaneled grand jury because such defect "concern[ed] a procedural irregularity which [the defendant] should have raised in a pre-trial motion").

Appellant does not dispute that he did not object to the indictment or the proceedings in the trial court. Appellant's failure to do so prior to trial constitutes a waiver of his right to challenge any procedural irregularity. *See Lemasurier*, 91 S.W.3d at 899–900; *Tamez*, 27 S.W.3d at 671. Accordingly, we hold that appellant has not preserved his complaint for appellate review.

We overrule appellant's sole issue.

**Conclusion**

We affirm the trial court's judgment.