

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00197-CR

JOSHUA ELLIS SUTTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 23F0050-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Bowie County jury found Joshua Ellis Sutton guilty of evading arrest or detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A). The jury assessed Sutton's punishment at ten years' imprisonment with a fine of $2,000.00. The trial court accepted the jury's assessment and sentenced Sutton in accordance with it.

On appeal,[1] Sutton raises four points of error: (1) the judgment of conviction improperly states he pled not guilty, (2) his guilty plea was involuntary because the trial court failed to give Article 26.13(a)(1) admonishments, (3) the 102nd Judicial District Court (102nd JDC) did not have jurisdiction because his indictment was out of the 202nd Judicial District Court (202nd JDC), and (4) his trial counsel was ineffective for failing to move to quash his indictment for lack of jurisdiction. Upon review, we find that, while the judgment should be modified to reflect a guilty plea, Sutton's guilty plea was voluntary, the 102nd JDC had jurisdiction over Sutton's case, and his trial counsel was not ineffective for failing to object to the 102nd JDC's jurisdiction. As modified, we affirm the trial court's judgment.

I.      **Factual Background**

On January 9, 2023, Sergeant Matt Warner with the Bi-State Narcotics Task Force was conducting surveillance at 1512 Pecan Street in Texarkana, Arkansas. He was looking for Sutton at that location, and Warner "knew [Sutton] to have felony warrants and also to have previously fled from officers on the Texas side." Warner identified Sutton at that location. Sutton then left

---

[1]In companion cause numbers 06-23-00198-CR, 06-23-00199-CR, 06-23-00200-CR, 06-23-00201-CR, and 06-23-00202-CR, Sutton appeals five other convictions arising from the same set of facts at issue here.

that location, and Warner followed him into Texas. Upon entering Texas, Warner contacted Texas State Trooper Kody Edwards.

Edwards attempted to stop Sutton's car on a side street off Summerhill Road in Texarkana, Texas. Sutton then "pull[ed] over for a short time before taking off." Sutton "[s]ped up and drove away." Ultimately, Edwards followed Sutton until Sutton "wrecked into the backside of Wisdom Animal Clinic." The police later searched Sutton's vehicle and found what was tested and determined to be 1.24 grams of methamphetamine.

Sutton fled the scene of the crash, and after a manhunt by law enforcement, Sutton was found in a "privacy fenced-in area and a shed." Thereafter, Sutton was taken to the hospital to be medically cleared. Sutton was in the hospital for "six-plus hours." Law enforcement supervised him while he was in the hospital. After being cleared, Sutton was discharged. Upon discharge, Sutton was cuffed and was about to be transported when "he took off running." Edwards called for backup to assist in apprehending Sutton. The game warden K-9 responded to that request for backup and located Sutton. Sutton was taken back into custody.

## II.     Sutton's Judgment Should Reflect a Guilty Plea

Sutton argues that the judgment in this case improperly states he pled not guilty to the offense of evading arrest or detention with a vehicle. The State does not dispute Sutton's claim that he pled guilty and agrees the judgment should be modified to reflect a guilty plea.

Upon review, we find that Sutton did plead guilty to the charges in the indictment.[2] Accordingly, we modify the judgment by changing "Plea to Offense:  NOT GUILTY" to "Plea

---

[2]The relevant exchange was as follows:

to Offense:  GUILTY." *See* TEX. R. APP. P. 43.2(b); *see also French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (recognizing "appellate court[s] ha[ve] authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source" and adopting the reasoning of *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)).

### III.  Sutton Was Not Harmed by the Failure to Admonish Under Article 26.13(a)(1)

With his second point of error, Sutton claims the trial court failed to give the Texas Code of Criminal Procedure Article 26.13(a)(1) admonishments prior to accepting his guilty plea. Article 26.13 requires certain admonishments be given prior to accepting a guilty plea.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Supp.).  Specifically, Sutton claims the trial court did not give the following admonishment:  "[T]he court shall admonish the defendant of:  (1) the range of the punishment attached to the offense."  TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1).

In the present action, Sutton was only asked if he understood the indictment prior to entering his guilty plea.  The trial court did not admonish Sutton under Article 26.13(a)(1).  In

---

[BY THE STATE]:  That's correct, Your Honor.  23F0050-102 in the name and by the authority of the State of Texas, the grand jury of Bowie County, Texas, duly organized at the January term 2023 of the District Court of Bowie County, Texas, do present in the County of Bowie and the State of Texas that in Bowie County, Texas, Joshua Sutton, hereinafter referred to as the defendant, heretofore on or about January the 9th of 2023, did then and there while using a vehicle intentionally flee from Trooper Kody Edwards, a person the defendant knew was a peace officer, who was attempting to lawfully arrest or detain the defendant against the peace and dignity of the State.

THE COURT:  All right.  Mr. Sutton, do you understand that indictment?

MR. SUTTON:  Yes, sir.

THE COURT:  And how do you intend to plead to that indictment?

MR. SUTTON:  Guilty.

response to Sutton's claim that he was not properly admonished, the State claims Sutton waived this issue by not objecting. Upon review, we find that, although this issue was not waived by not objecting, any error was harmless to Sutton.

As an initial matter, Sutton did not object to the failure to admonish under Article 26.13(a)(1). Sutton, however, was not required to object to preserve this issue for appeal, and Sutton is permitted to raise this issue for the first time on appeal. *See Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007) (recognizing an "[a]ppellant is entitled to assert his claim on appeal regarding the trial court's failure to properly admonish him, despite not having made the claim in the trial court").

Because this issue was not waived, the next issue becomes whether Sutton was harmed by the trial court's failure to admonish him under Article 26.13(a)(1). *See* TEX. R. APP. P. 44.2(b). Under Rule 44.2(b), "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *Id.* Here, because the trial court explained the punishment range twice during voir dire and in front of Sutton before it accepted Sutton's guilty plea, we find that this error did not affect Sutton's substantial rights.

Notably, during voir dire, the trial court stated as follows: "The range of punishment over these nine cases [including the one at issue] is no less than two years and no more than [twenty] years and a fine not to exceed up to $10,000." Later, the trial court again reiterated the range of punishment: "As mentioned earlier[,] the possible punishment range in this case, in the various cases, is anywhere from not less than two years to not more than [twenty] years in the Texas Department of Criminal Justice and/or a fine not to exceed $10,000." Based upon those

5

explanations, there is "no evidence which tends to indicate that appellant was actually harmed or misled in making his determination to enter a guilty plea." *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). Accordingly, we find that Sutton's substantial rights were not affected by this error.

## IV. Sutton Waived Any Objection to the 102nd JDC

Sutton argues that the indictment "conveyed jurisdiction on the 202nd District Court of Bowie County, Texas," and the 102nd JDC did not have jurisdiction over his case. Sutton further argues that "[t]here is no indication in the record that the case was properly transferred from the 202nd District Court to the 102nd District Court." Consequently, Sutton claims, "the judgment in this case is necessarily void, and should be reversed and rendered." We find that any objection to any purported transfer from the 202nd JDC to the 102nd JDC was waived.[3]

Upon review, the indictment for this offense was returned by a grand jury in the 202nd JDC. At that time, this case was assigned to the 102nd JDC, and the indictment even includes a cause number for the 102nd JDC. Sutton was tried, and the trial court entered a final judgment in Sutton's case in the 102nd JDC.

By statute, the 202nd JDC and the 102nd JDC have "concurrent and coextensive" jurisdiction. TEX. GOV'T CODE ANN. § 24.381(c). As such, even without a transfer order from one district court to the other, "[t]he fact that appellant was indicted by a grand jury impaneled by one court and tried in another court without a motion to transfer the case to the trial court is,

---

[3]Upon review of the record, there does not appear to have been a transfer, but this case was initially assigned to the 102nd JDC after the grand jury returned the indictment. That being said, even assuming a transfer was necessary, as outlined in this opinion, this issue was waived because Sutton's trial counsel did not object to the lack of a transfer order.

at best, a procedural issue." *Henderson v. State*, 526 S.W.3d 818, 821 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). As a potential procedural defect, this issue should have been raised before "the trial court to preserve this issue for appellate review." *Id.* at 819.

Here, there is no dispute that Sutton did not raise this issue before the trial court, but Sutton instead raises this issue for the first time on appeal. Consistent with *Henderson* and our prior caselaw, this issue is waived. *See Sharkey v. State*, 994 S.W.2d 417, 419 (Tex. App.—Texarkana 1999, no pet.) (addressing this issue and recognizing "[i]f a defendant does not file a timely plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record"); *see also Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd). We find that any objection to the purported transfer from the 202nd JDC to the 102nd JDC was waived.

## V.     Sutton's Trial Counsel Was Not Ineffective

Sutton claims that his trial counsel was ineffective for failing to object to the 102nd JDC's jurisdiction. Sutton claims his trial counsel should have filed a motion to quash the indictment and was ineffective for failing to do so. Upon review, we find that Sutton has not met the first prong of *Strickland* and cannot establish that his counsel was ineffective.

The Sixth Amendment to the United States Constitution guarantees an accused the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We "look to the totality of the representation" in evaluating the effectiveness of counsel. *Auld v. State*, 652 S.W.3d 95, 113 (Tex. App.—Texarkana 2022, no pet.). As many cases have noted, the right to counsel does not

7

mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[T]o prevail on a claim of ineffective assistance of counsel, [the defendant] must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, [687–88] . . . (1984)." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

To prove ineffective assistance of his counsel, Sutton must show (1) that trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687–95 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). A "reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Under the first prong of *Strickland,* "the defendant must prove, by a preponderance of the evidence, that there is . . . no plausible professional reason for a specific act or omission." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Accordingly, judicial scrutiny of counsel's performance must be highly deferential, and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

8

We apply a strong presumption that trial counsel was competent and presume that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Also, when an appellate record is silent on why trial counsel failed to take certain actions, "the appellant has failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Under the present facts, Sutton's trial counsel did not object to the assignment or transfer of Sutton's case to the 102nd JDC. The record is silent as to why she did not object, and Sutton has not rebutted the presumption that this may have been a reasonable trial strategy. *See Mata*, 226 S.W.3d at 431. His trial counsel may have believed trying the action in the 102nd JDC was beneficial to her client, or trial counsel may have known such an objection would have been futile because the 102nd JDC and the 202nd JDC have concurrent jurisdiction. Without more in the record, we cannot speculate as to the reason she did not object, and we must presume it was a valid trial strategy. We, therefore, find that Sutton has not met his burden under the first prong of *Strickland*, and we find no ineffective assistance of counsel.

**IV. Disposition**

We modify the judgment by changing "<u>Plea to Offense</u>: NOT GUILTY" to "<u>Plea to Offense</u>: GUILTY." As modified, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:      April 5, 2024
Date Decided:      April 19, 2024

Do Not Publish