Brian Quinn, Chief Justice
Clinton Cole Drain (appellant) appeals his two convictions (counts one and two) arising from acts committed in the same criminal episode. Both prosecutions were tried to a jury. Regarding count one, he was found guilty of evading arrest and assessed a ten-year prison term by the jury. The trial court sentenced appellant to that term of imprisonment but then suspended the sentence and placed him on community supervision for a period of ten years. Via the second count, the State tried and convicted appellant of possessing a controlled substance. A ten-year prison term also was assessed as punishment by the jury. Thereafter, the trial court sentenced appellant to that period of incarceration without suspending its imposition. These circumstances created what appellant calls a "split-sentence," and he argues under his first issue that such a sentence is "grossly disproportionate and constitutes cruel and unusual punishment." The circumstances also allegedly (1) denied him of his statutory right to have a jury assess punishment, (2) denied him due process, and (3) constituted an abuse of discretion, as argued through his second issue. We affirm.[1]
Cruel and Unusual Punishment
Appellant objected to the split sentence below. Yet, his objection omitted any allusion to the sentence being grossly disproportionate or constituting cruel and unusual punishment. Because the ground asserted at bar went unmentioned either at the time of sentencing or via a motion for new trial, it was not preserved for review. See Hammons v. State , No. 10-17-00037-CR, 2017 WL 4079622, at *3, 2017 Tex. App. LEXIS 8718 at *5 (Tex. App.-Waco Sept. 13, 2017, no pet. h.) (mem. op., not designated for publication); accord *640 Prado v. State , No. 07-16-00273-CR, 2016 WL 7187462, at *2, 2016 Tex. App. LEXIS 13109 at *4 (Tex. App.-Amarillo Dec. 8, 2016, no pet.) (mem. op., not designated for publication) (holding that a claim regarding the punishment being cruel and unusual must be preserved for review by a timely request, objection or motion).
Statutory Right / Due Process / Abuse of Discretion
That appellant opted to have the jury assess punishment is undisputed, as is the fact that he was not eligible to receive probation from the jury. Yet, a jury being barred from granting probation does not ipso facto preclude the trial court from granting it. See Ivey v. State , 277 S.W.3d 43, 52 (Tex. Crim. App. 2009) (observing that there was no longer any danger that the bench and bar could mistakenly read former article 42.12 of the Texas Code of Criminal Procedure to understand "that a jury's authority to mandate probation [under one section of that article] might impinge upon the trial court's broad discretion to grant it" under another section). Nor does a jury's refusal to grant probation prevent the trial court from doing so. As said by our Court of Criminal Appeals, "a trial court may place an eligible defendant on community supervision even if the defendant has elected to have his punishment assessed by the jury and the jury does not recommend it." Id. at 44.[2] The Ivey court also told us that, "when a trial judge suspends imposition of jury-assessed punishment, he does not encroach upon the defendant's statutory option to have the jury assess his sentence." Id. at 47. This is so because community supervision or probation " 'is not a sentence or even part of a sentence.' " Id. (quoting Speth v. State , 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) (en banc)). And, the jurist is simply exercising his legislatively bestowed "prerogative to suspend imposition of the sentence whenever, in his best judgment, the interests of justice, the public, and the defendant would be served." Id.
So, conceptually, we have a situation involving competing statutes. One allows the defendant to have the jury assess punishment. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (West Supp. 2017) (stating that "punishment shall be assessed by the same jury" when, among other things, "the defendant so elects in writing before the commencement of voir dire examination"). The other allows the trial court to suspend imposition of the punishment assessed. Id. art. 42A.053(a). And, because the former is a statutory as opposed to constitutional right, see Ivey , 277 S.W.3d at 47 (reiterating that a defendant "has no constitutional right to jury-assessed punishment"), then "what the Legislature giveth [in article 37.07, § 2(b) ], the Legislature may taketh away" in article 42A.053. Id.
What Ivey did not address though was a scenario involving (1) multiple convictions involving a single criminal episode and (2) the decision to suspend the sentence levied for one of them while allowing the other sentence to be executed. Appellant believes such implicates due process because "[t]he process was simply not fair." This is purportedly so because he "could theoretically receive an additional ten-year sentence if his probated count is revoked." And, because one of the conditions to his community supervision involves the attendance of SAFPF, "[t]his extended the time he will have to spend in prison to complete the SAFPF program and double[ ] the possible prison sentences he could receive by the time his case is ultimately resolved." "Construing [applicable statutory authority] to allow the trial court to split a maximum prison sentence in this *641 way would allow for an absurd result that the Legislature could not possibly have intended," he concludes.
In simple terms, appellant believes that his split sentence could effectively render concurrent sentences to operate as consecutive or cumulative sentences. Assuming arguendo that such implicates notions of "fair play and substantial justice" (i.e., due process), as suggested by appellant, we find the circumstance remediated by other legal authority.
Section 3.03(a) of the Texas Penal Code addresses situations wherein the State deigned to prosecute the defendant in a single criminal action for multiple offenses arising out of the same criminal episode. Should the prosecution result in multiple convictions, a sentence for each conviction must be pronounced. TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2017). So too must those sentences run concurrently with each other. See id. (stating that the "sentences shall run concurrently"). In so mandating, the section limits the trial court's otherwise general authority to dictate whether sentences run concurrently or consecutively. See Kesaria v. State , 148 S.W.3d 634, 643 (Tex. App.-Houston [14th Dist.] 2004), aff'd , 189 S.W.3d 279, 284 (Tex. Crim. App. 2006) ; see TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2017) (stating that "[w]hen the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case.... [And] [e]xcept as provided by Subsections (b) and (c), in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly").[3] More importantly, when sentences must run concurrently under § 3.03(a), a trial court may not order them to operate consecutively. See LaPorte v. State , 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) (en banc); accord Haun v. State , No. 06-16-00138-CR, 2017 WL 541141, at *3, 2017 Tex. App. LEXIS 1172 (Tex. App.-Texarkana Feb. 10, 2017, pet. ref'd) (mem. op., not designated for publication) (stating that the trial court abuses its discretion if the court imposes consecutive sentences where the law requires concurrent sentences); Bull v. State , Nos. 07-06-00176-CR, 07-06-00177-CR, 2007 WL 2296480, at *1, 2007 Tex. App. LEXIS 6409, at *7 (Tex. App.-Amarillo Aug. 10, 2007, pet. ref'd) (mem. op., not designated for publication) (holding that the trial court abused its discretion by ordering the sentences to run consecutively when statute required them to run concurrently).
Next, we add the definition of "sentence" to our analysis. According to the legislature, it means that part of the judgment, or order revoking a suspension of a sentence, that orders the punishment to be carried into execution. TEX. CODE CRIM. PROC. ANN. art. 42.02 (West 2006). In combining the article 42.02 definition of sentence with the § 3.03(a) mandate, we see that it was the legislature's intent to have the actual execution of the multiple sentences occur in unison when § 3.03(a) applies, and such intent controls the outcome here.
*642 Again, the two crimes for which appellant was convicted arose from the same criminal episode. That circumstance triggered the application of § 3.03(a) thereby mandating that the sentences for those crimes be executed concurrently. Indeed, the trial court expressly ordered them to so run before suspending the execution of the sentence for count one and placing appellant on community supervision of a ten-year period.
As with all instances where the defendant is granted probation, the latter is subject to being revoked if appellant violates any condition of his community supervision. And, should it be revoked, the trial court would be free to assess the ten-year sentence selected by the jury and to which he was originally sentenced.[4] See TEX. CODE CRIM. PROC. ANN. art. 42A.755(a)(1) (West Supp. 2017) (permitting the trial court, upon revocation of community supervision, to "proceed to dispose of the case as if there had been no community supervision"). Therein lies the source of appellant's complaint. If he were in the closing days of both his prison term and probationary period, the trial court allegedly could revoke his probation and sentence him to serve ten years' imprisonment. That would effectively stack one ten-year term upon the other, in his view. But his argument neglects to consider the effect of § 3.03(a).
Neither he, the State, the trial court, nor we may ignore the legislative mandate requiring sentences arising from the same criminal episode to run concurrently. Just as explicitly ordering them to run consecutively would render them improper and subject to reformation, see Ex parte Carter , 521 S.W.3d 344, 347 (Tex. Crim. App. 2017) (stating that "[a]n improper cumulation order may be remedied by reformation on appeal or, in the proper circumstance, a judgment nunc pro tunc "), we see no reason why this should be any less true when the circumstances may implicitly effectuate the same result. The two sentences must run concurrently. And, heeding the mandate requires that they be treated as having run concurrently even though the execution of one had been temporarily suspended but later reinstated. In other words, the suspension is removed from the equation. For example, if revocation resulted in the imposition of an eight-year sentence for count one and appellant had already served nine of the ten years assessed under count two, the eight years would be subsumed into and by the nine. The eight would not be added to the nine thereby resulting in an overall prison term of seventeen years.
In short, the legislative edict explicit in § 3.03(a) of the Penal Code cannot be discarded through the mere trick of suspending one of the multiple sentences assessed when those sentences are to run concurrently. The edict of § 3.03(a) must be factored into the outcome. Factoring it into the outcome (1) heeds legislative dictate which we must follow, (2) avoids the improper cumulation of sentences required to run concurrently, and (3) insulates appellant from the purported unfairness and substantial injustice underlying his due process complaint.
As for the complaint that the trial court somehow abused its discretion in suspending the sentence for count one, statute vests a trial judge with fairly broad discretion to suspend the imposition of *643 sentences. Ivey , 277 S.W.3d at 45. Indeed, he may do so when it is in the "best interest of justice, the public, and the defendant[ ] after conviction or a plea of guilty or nolo contendere." TEX. CODE CRIM. PROC. ANN. art. 42A.053(a) ; accord Ivey , 277 S.W.3d at 45 (so observing). In suspending the sentence in count one, the trial court also ordered appellant to attend a drug treatment program of SAFPF. We fail to see how affording appellant means to undergo drug treatment by suspending the sentence for count one falls outside the best interest of justice, the public, and appellant.
Appellant's issues are overruled, and we affirm the judgment of the trial court.

Because this appeal was transferred to the Seventh Court of Appeals from the Tenth Court of Appeals, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision would be inconsistent with the precedent of the transferor court. See Tex. R. App. P. 41.3.

Appellant conceded as much at trial when his counsel informed the trial court that it had the discretion to do just that, despite his objection.

Like most directives, that requiring sentences to run concurrently has its exceptions. They appear in subparagraph (b) of § 3.03. Tex. Penal Code Ann. § 3.03(b) (stating that "[i]f the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of" several enumerated offenses). None of them apply here.

Both offenses for which appellant was convicted were felonies of the third degree. One convicted of such a felony may be sentenced to serve up to ten years in prison but no more. See Tex. Penal Code Ann. § 12.34(a) (West 2011). So, appellant was twice sentenced to serve the statutory maximum, before imposition of one was suspended.