

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-18-00214-CR
07-18-00215-CR
07-18-00216-CR

BRIAN DOUGLAS RAMBO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 4371 Counts I, II & III, Honorable Dan Mike Bird, Presiding

March 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Brian Douglas Rambo (appellant) appeals his convictions for two counts of Aggravated Sexual Assault of a Child and one count of Indecency with a Child. Through three issues, he contends that the trial court committed reversible error in 1) admitting evidence of extraneous offenses which were not proven by beyond a reasonable doubt and were more prejudicial than probative, and 2) cumulating his sentences which resulted in violating the Eighth Amendment's protection against excessive punishment. We affirm.

*Background*

Appellant was charged with two counts of aggravated sexual assault and one count of indecency with a child, which were committed against a child, L.N. The child was six years old at the time of the incidents and sixteen at the time of trial. During trial, the State sought to admit evidence from four other witnesses who testified to suffering similar acts of sexual abuse by appellant; the witnesses were around ten years of age and younger when the acts occurred.

The trial court convened a hearing to determine whether the evidence of extraneous offenses was admissible per article 38.27 of the Texas Code of Criminal Procedure. The witnesses who testified were B.P., his older brother, N.P., J.C. and M.N. All were 18 and older at the time of the hearing. Appellant objected to the admission of the testimony due to vagueness and lack of specifics regarding time of occurrence. Appellant further contended that insufficient details were given for a jury to find that the extraneous offenses occurred beyond a reasonable doubt. So too did he object to the testimony under Rule 403 of the Texas Rules of Evidence. The trial court found the evidence admissible and overruled appellant's Rule 403 objection.

Upon trial, a jury found appellant guilty of the charged offenses and assessed punishment at 99 years each for both aggravated-sexual assault convictions and 20 years for the indecency with a child conviction. The trial court ordered that the sentences be served cumulatively.

*Issue One – Sufficient Proof of Extraneous Offenses*

Appellant initially contends that the trial court erred in permitting four witnesses to testify during guilt/innocence about extraneous matters which were not proven beyond a reasonable doubt. Only three actually testified, however, and we overrule the issue.

2

According to appellant, the witnesses' testimony was vague, limited and at times contradictory. Therefore, according to appellant, the trial court denied him a fair and impartial trial when it admitted the testimony. Without it, "there is no evidence to support the jury's verdict and it cannot be said that beyond a reasonable doubt a jury would have convicted appellant without the wrongfully admitted evidence of extraneous offenses," according to appellant.

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is so clearly wrong as to lie outside the zone within which reasonable people might disagree. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

Next, article 38.37 of the Texas Code of Criminal Procedure is an evidentiary rule applicable to certain types of sexual offenses, including sexual assault of a child, indecency with a child, and continuous sexual abuse of a child. Per its terms, "evidence that the defendant has committed a separate [sexually assaultive] offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b) (West 2018). The State must afford a defendant notice, at least 30 days before trial, of its intent to introduce evidence of the other offenses. *Id.* art. 38.37, § 3. And, before the evidence may be introduced, the trial judge must: "(1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate

3

offense beyond a reasonable doubt; and (2) conduct a hearing out of the presence of the jury for that purpose." *Id.* art. 38.37, § 2-a.

Here, the trial court conducted a hearing out of the presence of the jury wherein the four witnesses of which appellant now complains testified. Again, appellant's complaint focused on whether the evidence proffered by the witnesses established that he committed the extraneous acts beyond a reasonable doubt, as required by statute.

B.P. testified at the hearing that when he was about seven or eight years old, his mother was in the hospital and appellant was home with him and his older brother, N.P. Appellant came into his room, while B.P. was laying on the bed, appellant pulled his pants down, inserted his penis into the boy's anus. This occurrence was repeated over the next two to three years. B.P. was asked how many times appellant penetrated the child's anus with his penis to which he answered "[i]f I had to give you an exact number about 200, 300 times." Furthermore, his mother was in and out of the hospital for a week to two-week stays due to health issues. While she was hospitalized, appellant also had B.P, his brother N.P. and a couple of friends go into the bedroom and watch porn. During these events, he would touch the children's penises and testes.

Appellant complains that B.P. testified about numerous times the offenses happened which according to his testimony "2-300 times yet gives no[] specifics to those times and therefore would not rise to the burden required by the law of Appellant committing them beyond a reasonable doubt." First, we note that a charge of aggravated sexual assault requires proof that the accused intentionally and knowingly caused the sexual organ of a child under 14 to contact the sexual organ of another person, or intentionally and knowingly caused the penetration of a child's sexual organ by any means. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iv), (2)(B) (West Supp. 2018).

4

Indecency with a child by contact requires proof that the accused touched the genitals of a child under 17. *Id.* § 21.11. By statute, a complainant's testimony may be sufficient evidence to convict a defendant. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2018). And it is well established that the uncorroborated testimony of a child victim alone can be sufficient to support a conviction of aggravated sexual assault of a child. *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978). Physical evidence and a timely report to the authorities are not required to support a conviction for sexual assault or indecency with a child. *See Ryder v. State*, 514 S.W.3d 391, 396 (Tex. App.—Amarillo 2017, pet. ref'd). With this in mind, we conclude that the aforementioned testimony of B.P. was sufficient to illustrate, beyond reasonable doubt, that appellant committed both aggravated sexual assault and indecency with a child upon B.P. At the very least, the trial court's decision to that effect fell within the zone of reasonable disagreement and was not an instance of abused discretion.

Next, appellant contends that "N.P.'s testimony . . . was even less specific." According to appellant, "[u]pon cross-examination he was unable to remember places, times or dates of the alleged offenses. Further, he made statements that contradicted B.P.'s testimony including whether or not the incidents in the living room with the computer happened or not and certainly overall was much vaguer." However, N.P. did not testify during the guilt/innocence phase of the trial; thus, the parameters of article 38.37 were not implicated. *See* TEX. CODE CRIM. PROC. art. 38.37 (stating that "[t]he state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 1 or 2 . . . .").[1]

---

[1] N.P. did testify at the punishment phase of the trial.

Next, appellant contends that the trial court erred in allowing M.N. to testify because "the credibility of [M.N.'s] testimony was severely limited due to her not being able to recall certain facts about the incidents and admitting to being very impaired by alcohol." The record shows that M.N. testified she was in the same class with B.P. when she was 12 years old. According to the witness, on Valentine's Day in 2014, she spent the night at the home of B.P and N.P. Earlier that evening, appellant had driven M.N., another friend of the group, and B.P. to a pancake dinner for the Disabled American Veterans in Altus, Oklahoma. On the return drive to Chillicothe, appellant stopped at a Walmart and purchased wine coolers for the group. M.N. testified that the group was "chugging" the coolers so that B.P.'s mother would not catch them drinking. She recalled "falling out of the car being really drunk, and then we went inside, and we were drinking Jack Daniels. It was, like, honey flavored. It was, like, -- they were hyping us up, me and [her friend] to try [to] out drink each other." M.N. admitted to being "very intoxicated" when the group started watching a movie. As they watched it, appellant moved closer to her and began "playing with [her] hair." She did not like that. Nonetheless, appellant continued to touch her hair and neck, which made her uncomfortable. Appellant, then, stuck his hands down her pants and placed his fingers in her vagina. She became ill and left the room to throw up. The next day, appellant drove her to Vernon where he again had her drink a wine cooler and placed his hand in her pants. She squirmed away from him and nothing else occurred. The aforementioned testimony of M.N. was sufficient to illustrate, beyond reasonable doubt, that appellant committed aggravated sexual assault upon her. At the very least, the trial court's decision to that effect fell within the zone of reasonable disagreement and was not an instance of abused discretion.

6

Lastly, appellant complains about the testimony of "M.C." being too limited and vague. We assume appellant is referring to J.C. since there was no "M.C. We also note the following exchange had with the court at the hearing:

> THE COURT: On [J.C.], your objections to [J.C.'s] testimony
> – actually, what he testified about was two things –
>
> MR. GRIFFIN: Yes, sir.
>
> THE COURT: – improper touching and anal penetration.
>
> MR. GRIFFIN: Yes, sir. I think his is closer to meeting that
> statute. Now, I'm going to argue 403 –
>
> THE COURT: Sure.

We can see by the aforementioned exchange that appellant agreed that J.C.'s testimony was closer to meeting the statute, *i.e.* article 38.37, and decided to forego making an argument concerning same. Therefore, we find that he did not preserve any complaint regarding it, and the trial court did not err in admitting same. Yet, even if preserved, our review of the record indicates that J.C.'s testimony sufficed to satisfy the parameters of article 38.37 or at least the trial court's ruling fell within the zone of reasonable disagreement.

*Issue Two – Rule 403*

In his second issue, appellant contends that the extraneous evidence should have been excluded due to its prejudicial nature. We disagree and overrule the issue.

Texas Rule of Evidence 403 provides that otherwise relevant and admissible evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Article 38.37 neither explicitly requires that the Rule 403 balancing test be applied or prohibits

7

the trial court from applying that test. Furthermore, "the plain language of Rule 403 does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Robisheaux v. State,* 483 S.W.3d 205, 217-18 (Tex. App.—Austin 2016, pet. ref'd). This is so because all evidence against a defendant is, by its very nature, designed to be prejudicial. *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). And, we must remember that in reviewing the trial court's decision under the standard of abused discretion, we must afford the decision "an especially high level of deference." *Robisheaux*, 483 S.W.3d at 218 (citing *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007)).

In the following excerpt from appellant's brief, he discusses the Rule 403 factors.

> Regarding the first factor this Court should find that the evidence relating to the extraneous offenses of Appellant should not have been allowed in and does not tend to make a fact of consequence any more likely; rather, the only corroborative force of the evidence was to show that Appellant was acting in conformity with his character. Regarding the second factor the Court of Criminal Appeals has stated "sexually related misconduct involving children are inherently inflammatory. *Montgomery v. State,* 810 S.W.2d 372 (Tex. Crim. App. 1990) *on reh'g* (June 19,1991) [.] In regard to the third factor the testimony regarding the extraneous offenses consisted of most of the State's evidence and much of that testimony was incredible due to it being conflicting, vague and lacking specificity. When combining the second and third factors the Court will see that the testimony had significant potential to impress the jury in some irrational but nevertheless ineffaceable way and thus creating the potential for the jury to reach a decision on an improper basis. Lastly, in connection to the fourth factor the Court should find that the State had remaining evidence they could have presented to allow the jury to reach the conclusion that Appellant acted with intent. Therefore, when all the factors are combined the Court should find the trial court abused its discretion when it found that the danger of unfair prejudice did not substantially outweigh the probative value of the objected-to extraneous act evidence.

Regarding the allegation concerning character conformity, we note that article 38.37, § 2(b) expressly permits the evidence to be admitted to prove relevant issues including the character of appellant and whether the acts performed were in conformity with that character. Thus, it does not matter that the extraneous evidence was used to establish character and conformity therewith for that is one of the reasons the statute permits its use.

As for the allegation about the "inherently inflammatory" and highly prejudicial nature of the evidence, we agree, it is clearly prejudicial. Yet, that too was contemplated by the legislature when enacting article 38.37. As our sister court said in *Bradshaw v. State*, 466 S.W.3d 875 (Tex. App—Texarkana 2015, pet. ref'd), "[t]he statute recognizes that evidence of this type is, by definition, propensity, or character evidence. It is admissible notwithstanding those characteristics." *Id.* at 883. "This evidence [is] clearly prejudicial . . . [h]owever, 'the plain language of Rule 403 does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial.'" *Id.* (quoting *Pawlak v. State*, supra). In other words, its clear prejudice does not warrant exclusion under Rule 403, only unfair prejudice.[2] Given that the only direct evidence available to the State was the victim's own testimony, appellant endeavored to discredit it. Appellant still believes it to be "incredible," and that the extraneous evidence tended to illustrate that appellant acted in conformity with his propensity to sexually assault children. In illustrating conformance with character, the testimony of the three other children supplemented the purportedly non-believable evidence of appellant's guilt for

---

[2] Unfair prejudice means a tendency to tempt the jury into finding guilt on grounds apart from proof of the offense. *State v. Mechler,* 153 S.W.3d 435, 440 (Tex. Crim. App. 2005).

crimes for which he was being tried. Thus, we cannot say that the trial court abused its discretion in rejecting appellant's Rule 403 attack.

*Issue Three – Grossly Disproportionate Sentence*

In his third issue, appellant contends that the trial court erred in cumulating his sentences. In so cumulating it, "[a]ppellant was assessed a grossly disproportionate punishment when he was sentenced to 218 years in the institutional division, TDCJ." We disagree and overrule the issue.

Appellant failed to raise this complaint at the time of sentencing or in a motion for new trial. Because it went unmentioned then, it is not preserved for review. *See Drain v. State*, 540 S.W.3d 637, 639-40 (Tex. App.—Amarillo 2018, no pet.); *see also Hammons v. State,* No. 10-17-00037-CR, 2017 Tex. App. LEXIS 8718, at *5 (Tex. App.—Waco Sept. 13, 2017, no pet.) (mem. op., not designated for publication); *accord*, *Prado v. State*, No. 07-16-00273-CR, 2016 Tex. App. LEXIS 13109, at *4 (Tex. App.—Amarillo Dec. 8, 2016, no pet.) (mem. op., not designated for publication) (holding that a claim regarding the punishment being cruel and unusual must be preserved for review by a timely request, objection or motion).

Accordingly, we affirm the judgments of the trial court.

Per Curiam

Do not publish.