

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00469-CR

———————————————————

TIMOTHY ALLEN TURREY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13772

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

Appellant Timothy Allen Turrey pleaded guilty to the offense of possession of a controlled substance and was placed on community supervision, one condition of which was that he remain in the Substance Abuse Felony Punishment Facility (SAFPF) and participate in rehabilitation treatment until successfully discharged. *See* Tex. Health & Safety Code Ann. § 481.115. In two points, Appellant appeals from the trial court's order revoking his community supervision. In his first point, Appellant contends that the trial court erred by failing to give him credit in the present case for time that he had served on a conviction for an offense committed in a different county in a different criminal episode. In his second point, he contends that the failure to grant him credit constitutes an unconstitutionally cruel and unusual punishment. We affirm the judgment of the trial court.

Appellant was indicted in Hood County for the offense of possession of methamphetamine in an amount of less than one gram. He pleaded guilty to that offense, and the trial court sentenced him to a term of twenty-four months in the State Jail Division of the Texas Department of Criminal Justice. The trial court suspended the sentence and placed Appellant on community supervision for a period of five years. A special condition of his community supervision was that he remain in a SAFPF for a period of not more than one year. Upon successful completion of the program, Appellant was required to participate in a drug or alcohol abuse continuum of care treatment plan.

More than two years after the initial conviction, the State moved to revoke Appellant's community supervision for his refusal to participate in the substance-abuse program. The trial court granted the motion to revoke, which is the subject of this appeal.

The record is unclear about what happened in the two-year interim between Appellant's Hood County conviction and the revocation. The only detail in the reporter's record to explain what occurred is the following testimony by an employee of the Hood County Community Supervision and Corrections Department:

Q. Now, when was the Defendant originally placed on probation?

A. May the 30th of 2017.

Q. And when was he sent to the SAFPF unit?

A. September the 9th of 2019.

Q. Do you know what was happening in that time in between those two dates?

A. Once I received the case, I was informed that he had been incarcerated [in prison for an offense committed in another county].

Q. When he was sent to the SAFPF unit in September of 2019, did he participate in the program?

A. No, ma'am.

. . . .

Q. But, essentially, it's your understanding that the reason it took more than two years to go from his plea hearing [on the possession offense] to SAFPF was because of a TDC sentence from another county?

3

A. Yes, sir.

Though we do not rely on the statements that are not in the record before us, Appellant's brief states that after his conviction in Hood County, a bench warrant was issued by another county for an offense committed in that county. That offense was not a part of the same criminal episode as the Hood County possession offense. After serving two and a half years on the other conviction, he was paroled for that offense and placed in a SAFPF as required by the condition of the Hood County judgment of conviction. He refused to participate in that program, "claiming that he had already served the maximum amount of time allowed for the State Jail felony he had plead[ed] to."

Appellant's first point states that he "wishes to claim abuse of discretion by the Judge for not granting the two and one-half years spent in TDCJ by conviction from [the charge in the other county] as back time credit for the Hood County State Jail charge." Appellant's argument cites one case dealing with a factual situation completely dissimilar to his. *See Drain v. State*, 540 S.W.3d 637 (Tex. App.—Amarillo 2018, no pet.). *Drain* involved a conviction for two offenses arising out of the same criminal episode. *Id.* at 639. The appellant in *Drain* argued that the trial court had improperly given him a "split sentence" by imposing a sentence of incarceration for one offense and a sentence of community supervision for another—the effect of which he argued was to impose consecutive sentences in a situation where only a

4

concurrent sentence was permitted. *See id.* The Amarillo Court of Appeals viewed such a split sentence as creating a possibility that

> if revocation resulted in the imposition of an eight-year sentence for count one and appellant had already served nine of the ten years assessed under count two, the eight years would be subsumed into and by the nine. The eight would not be added to the nine thereby resulting in an overall prison term of seventeen years.

*Id.* at 642. Thus, *Drain* held that the possibility of such a result violated the mandate of Section 3.03(a) of the Penal Code because sentences imposed for more than one offense arising out of the same criminal episode "shall run concurrently." Tex. Penal Code Ann. § 3.03(a). The sentence imposed in *Drain* was in error because "the legislative edict explicit in § 3.03(a) of the Penal Code cannot be discarded through the mere trick of suspending one of the multiple sentences assessed when those sentences are to run concurrently." 540 S.W.3d at 642.

Without guidance from Appellant, we are at a loss to understand how the holding of *Drain* translates into error in this case. The statutory provision violated by the sentence in *Drain* has no application to this appeal because Section 3.03(a) does not apply. By his own admission, Appellant was not convicted of nor was he being sentenced for two offenses arising out of the same criminal episode.

The remainder of Appellant's argument under his first point consists of the following paragraph:

> In the present case, since the face of the original judgment states "This Sentence Shall run CONCURRENTLY[."] Appellant believes that waiting until he paroled out of prison on another charge to file the

5

Motion to Revoke Probation is unfair and unconstitutional. The maximum amount of time Appellant could be sentenced in the present charge is twenty-four months. Appellant spent two and one-half years in TDCJ and completed a drug rehab course before being paroled out of prison. Appellant believes that to have to serve two more years on a charge that was pending the whole time he was in prison is a gross injustice.

This paragraph is ineffectual as an appellate argument for the following reasons:

- There is no record to support the statements in the paragraph that Appellant spent two and a half years in TDCJ, that he was paroled on a prior charge, or that he received a drug rehab course while incarcerated. *See Jack v. State*, 149 S.W.3d 119, 121, n.1 (Tex. Crim. App. 2004) ("We note that an appellate court may not consider factual assertions that are outside the record.").

- The paragraph lacks any record references or, more critically, any authority to support its argument. We are reluctant to conclude a briefing waiver has occurred in a criminal case, but the practical effect of the paragraph is to place the burden on us to formulate Appellant's argument for him, research the law based on our supposition of what the argument is, and then argue with ourselves how to resolve our guesses on what Appellant's theory is and what authority is relevant to its disposition. A party represented by counsel cannot expect that an appellate court will undertake such an unguided wild goose chase. *See Thomas v. State*, 312 S.W.3d 732, 738 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) ("Appellant has cited no specific facts in support of his

authority and no authority for his argument and therefore has failed to adequately brief this point." (citing Tex. R. App. P. 38.1(i))).

Appellant's second point claims that the "denial of time credits constitutes Cruel and Unusual Punishment." This freestanding point is supported by no arguments and authorities. It is therefore forfeited. *See* Tex. R. App. P. 38.1(i). Further, the argument is not preserved because no objection based on cruel-and-unusual punishment was made to the trial court. *See Drain*, 540 S.W.3d at 640–41 (holding that because argument based on a claim that a sentence was cruel and unusual was not made to the trial court, the argument was not preserved for appellate review).

Accordingly, we overrule Appellant's two points and affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 23, 2020